WALTER S. CURTISS AND OTHERS vs. RODERICK ATWOOD.

By statute (Acts of 1881, ch. 121, sec. 3,) the towns of Woodbury and Southbury in Litchfield county, adjoining Waterbury in New Haven county, are made a part of the district of Waterbury, and jurisdiction is given to the District Court of Waterbury in all cases at law and in equity in which either party resides in either of those towns. Held that the court had jurisdiction of a case of trespass to land where the parties resided and the land lay within one of these towns.

[Argued June 6th—decided July 13th, 1883.]

ACTION for trespass to land; brought to the District Court of the district of Waterbury. Plea to the jurisdiction; demurrer to the plea sustained, and judgment rendered for the plaintiffs. Appeal by defendants to the Superior Court and judgment affirmed (*Culver, J.*) Appeal by defendant to this court. The case is fully stated in the opinion.

*W. Cothren* and *G. F. Shelton*, for the appellant.

*H. B. Munson* and *E. F. Cole*, for the appellees.

PARDEE, J. Walter S. Curtiss and others brought an action for trespass to land against Roderick Atwood, claim-

ing $500 damages, and made the writ returnable to the District Court to be holden at Waterbury, within and for the district of Waterbury, in the county of New Haven. Both parties reside and the land is in the town of Woodbury, in the county of Litchfield. The defendant pleaded in abatement that the Superior Court for the county of Litchfield had sole jurisdiction in the matter; the plaintiffs demurred; the demurrer was sustained and the defendants ordered to answer over; they appealed to the Superior Court for New Haven county, which court affirmed the judgment of the District Court. The defendants appeal to this court, substantially for the reason set forth in the plea in abatement.

From time immemorial the statute required all suits wherein the title to land is to be tried and determined, and all actions of trespass *quare clausum fregit*, to be brought and tried in the county where the land lies. But in 1867 an amendment to the charter of the city of Waterbury in effect gave to the City Court within and for that city jurisdiction in civil causes in which the debt, trespass, damage or other matter in demand shall exceed the sum of $50, provided either party lives within the limits of the town of Waterbury, with provision for appeal; and like jurisdiction in all civil cases where either of the parties resides in any town adjoining the town of Waterbury.

Chapter 121, section 3, of the session laws of 1881, provides in effect that the City Court of Waterbury shall be established and known by the name of the District Court of Waterbury, with the jurisdiction of the City Court of Waterbury; and the towns of Southbury and Woodbury are made part of the district; and the City and District Courts are to have the same jurisdiction in all cases at law and in equity when either party resides in either of said last named towns that the City Court then had in Waterbury and adjoining towns.

The grant is of jurisdiction to the City Court of Waterbury in actions of trespass, without exception. By it permission is given to the plaintiff in any action of trespass to

land situated in the town of Woodbury, and the county of Litchfield, to make the writ returnable to a court holden in the adjoining county of New Haven. It is a special grant of jurisdiction to a court, constituting an alteration of, an exception to, a general statute. In determining the place of trial of actions for trespass to land the legislature may disregard county lines.

There is no error in the judgment complained of.

In this opinion the other judges concurred.