SAMUEL A. MILES, EXECUTOR, vs. CHARLES K. STRONG
AND OTHERS.

New Haven & Fairfield Cos., Jan. T., 1891. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

A testate estate had been fully settled and distributed. A question after-wards arising as to the exact estate which a devisee took under the will, it was held that the executor could not maintain a suit for an adjudication of the matter by the court.

Where an executor had brought such a suit, it was held that he could not change it into a suit by himself as trustee under a deed from the devi-see, and ask for the removal of a supposed cloud upon the title of that portion of the real estate.

Although the same person had been executor and was now trustee, the law regarded the executor and trustee as distinct persons.

And the causes of action could not have been originally joined in the same suit.

[Argued January 22d—decided April 20th, 1891.]

SUIT by an executor for the construction of a will; brought

to the Superior Court in New Haven County, and reserved, on facts found, for the advice of this court. The case is fully stated in the opinion.

*W. B. Stoddard,* for the plaintiff.

*S. C. Loomis,* for the defendant Ernest S. Miles.

*G. P. Carroll,* for all the other defendants.

TORRANCE, J. The record in this case discloses the following facts.

In April, 1879, one Selah Strong died, in the town of Milford in this state, leaving a will disposing of his entire property, consisting mostly of real estate in that town. He left a widow, one daughter, Julia T. Peck, one son, John P. Strong, and two grandchildren, Ernest Strong Miles, the child of a deceased daughter, and Selah W. Strong, the child of a deceased son. The plaintiff and John P. Strong were appointed executors of the will, which was duly probated. John P. Strong died in 1880, and the plaintiff, who is the father of Ernest Strong Miles, settled the estate as the sole executor.

By the will the widow was given the use of certain real and personal property in lieu of dower. She died in January, 1882. Within a few months after her death the entire property of the estate was set out and distributed to the devisees by regularly appointed distributors, who made return of their doings, and the same was duly accepted and approved by the probate court in July, 1882. All the debts of the estate were at that time paid, and the estate was fully and finally settled, and no appeal from any of the decrees of the probate court with respect to the settlement has been taken.

Under the will certain parcels of real estate were given to Ernest Strong Miles, subject to the charge of paying to the widow of the testator two hundred and fifty dollars each year during her life.

After fully describing the real estate, the will in the eighth clause contained the following :—" The foregoing devises to the said Ernest Strong Miles are subject to the charges aforesaid, to him and his heirs forever; provided, however, that if he, the said Ernest Strong Miles, shall die before he attains his majority, or without leaving lawful issue surviving him, and without having disposed of all the lands by this will devised to him, either by deed or by will, then, and in either of these events, it is my will that all said lands herein devised to the said Ernest Strong Miles, and not by him disposed of, shall descend to and be distributed among my heirs-at-law and those who legally represent them."

On the 19th of May, 1890, Ernest Strong Miles became of age, and on the following day he by deed conveyed to his father, in trust for the purposes specified in the deed, all of the real estate which had been devised to him by the will. Thereupon, on the 21st day of May, 1890, the plaintiff, as the sole executor of the testator, brought the original complaint in this case, making his said son, and all other persons interested in the estate in any way, parties defendant.

That complaint, among other things, alleged that " all lawful claims against the estate of the testator, and all legacies provided for by said will, have been paid, and all proceedings incident to the settlement of said estate, save the distribution thereof, have been had to the acceptance and approval of the said probate court."

It further alleged that various questions had arisen and various claims had been made by the defendants " relative to the construction and legal effect of the provisions contained in the 3d, 4th and 8th sections of said will."

These questions, as stated, were in substance that Ernest Strong Miles claimed to own both the real and personal estate given him by the will absolutely, while the other defendants claimed that Ernest had only a life-estate in the land. The complaint concluded in the form in ordinary use in complaints by an executor for the construction of a will.

The defendants, other than Ernest Strong Miles, filed an answer to this complaint, in which they alleged in substance

that the estate had been duly distributed in 1882; that they admitted that Ernest was the absolute owner of the personal estate that had been distributed to him; and that, whether Ernest had only a life estate in the real estate or some greater interest, was " a question dependent on circumstances and contingencies."

The plaintiff made no reply to this answer, but moved to amend his complaint by adding thereto a complaint by him as trustee under the deed aforesaid from his son Ernest, in which new complaint he alleged in substance the following facts: That the return of the distributors to the court of probate in 1882 contained this clause: " The lands distributed to Ernest Strong Miles are (subject to a charge of two hundred and fifty dollars a year to be paid to Catharine W. Strong, during her natural life,) to him and his heirs forever; provided however that if the said Ernest Strong Miles shall die before he attains his majority, or without leaving lawful issue surviving him, and without having disposed of all the lands devised to him by the will (either by deed or will), then, and in either of those events, said lands are to descend to the other heirs at law of the testator or those who represent them;" that Ernest was now of full age; that he had given the plaintiff a deed (a copy of which was annexed), of the real estate devised to him by the will, to hold in trust for Ernest; that the property included a certain piece of land with a dwelling house and other buildings thereon, which buildings were greatly dilapidated and out of repair; that said premises were worth eight thousand dollars, but in their present condition were unproductive and could not be rented until after large sums of money had been expended thereon for repairs; that Ernest had no money to provide for such repairs, and was physically incapable of earning money or supporting himself; that the plaintiff had entered into a contract with a Mrs. Smith, for the purchase of said premises by the latter for their full value; that the defendants other than Ernest claim to have an interest in said land bargained to be sold, the exact nature of which interest was to the plaintiff unknown; that

afterwards, this claim coming to the knowledge of Mrs. Smith, she refused to purchase said premises or to pay for the same; and that the plaintiff was uncertain whether he held the property as executor under the will, or as trustee under the deed aforesaid, and whether he had a right to sell the same absolutely or not.

He claimed an adjudication as to whether the estate had been legally distributed; and, if he held the real estate as trustee under the deed, he asked for a construction of the will so far as it related to the title of Ernest, and a discovery from the respondents "respecting their rights to the property devised to Ernest by will," and an adjudication thereon. If these claims were adjudged to be invalid, and a cloud upon the title of Ernest, he asked " that said cloud upon said title be removed and cleared away."

The defendants, other than Ernest, objected to the allowance of this amendment on divers grounds, which are embodied in a bill of exceptions allowed in the case. The court overruled the objections and " permitted the amendment to be filed, on payment of costs and on condition that bonds of prosecution be given."

The defendants then demurred to the complaint as amended, and to the relief sought, on divers grounds, the more important of which, in substance, are the following:— For misjoinder of causes of action, one being in favor of the plaintiff as executor under the will, and the other in favor of him as trustee under a deed from his son; or misjoinder of parties plaintiff, one being trustee and the other executor; because the estate had been fully settled eight years before the suit was brought and the plaintiff was no longer executor; and to the relief sought, because, on the facts stated, the plaintiff was not entitled to the same either as executor or as trustee.

At this stage of the proceedings the case, with all the questions which are or may be raised upon the record, was reserved for the advice of this court.

One question in the case is, whether the plaintiff, as executor, can maintain his complaint for a construction of the

will, under the facts as they appear of record. We think he cannot.

The entire property of the testator was distributed and disposed of under the terms of the will and according to law in 1882. The estate of the testator was then fully and finally settled, and the disposition made of the property by the executor was accepted and approved by the probate court, and the property has since remained and is now the sole property of the devisees and legatees. No appeals have been taken from any of the decrees made in the course of the settlement of the estate.

Of course then the duties of the executor ended in 1882, if they are ever to end, and he ceased to be executor when he had performed all the duties entrusted to him as such, and the full and final account of his stewardship had been finally accepted and approved by the probate court. After this he could maintain no complaint for a construction of the will to enable him safely to perform his duties as executor, for the simple reason that he had no such duties to perform. In addition to this, all the questions stated in the original complaint concerning which the executor claimed to be in doubt, relate entirely to the title of his son under the will, after the distribution.

The questions stated did not at all embarrass the executor in administering the estate. When this suit was brought no parties were making doubtful and conflicting claims upon him, and the estate was in fact settled without the slightest difficulty.

We hold therefore that the executor could not maintain the cause of action stated in the original complaint, and that the demurrer, so far as it relates to the matters stated therein, should be sustained.

Another question in the case is, whether the proposed amendment ought to be allowed.

Although the proceeding by which the trustee seeks to be admitted, as a party plaintiff in this case, to prosecute a new and distinct cause of action, is in the record called an amendment, it is not strictly of the nature of an amendment to

the original complaint. In reality it seeks the admission of a new party, with a new, distinct and separate cause of action against the defendants other than the plaintiff's son. The fact that the same individual is or was executor, and is also trustee, can make no difference in principle. In law the trustee and the executor are distinct and different persons.

The two causes of action have no necessary connection with each other. The cause of action stated in the original complaint grew out of the plaintiff's relation to the estate as executor, and had respect to his duties in the administration of the entire estate. The cause of action stated in the amendment grows out of his duties as trustee, under the deed from his son, and relates to a particular portion of the lands of the estate which had been devised to his son by the will, and asks for the removal of a supposed cloud upon the title to that portion of the real estate only.

We think it is clear that these separate and independent causes of action, in favor of distinct and separate persons, could not be originally joined in the same complaint, against the objection of the defendants. The causes of action are different, and the plaintiffs are different persons, each having no interest in or relation to the suit brought by the other. In the first place, these two causes of action do not come within any of the classes of cases which may be joined in the same complaint under the practice act. Gen. Statutes, § 878. In the next place, that act no where expressly or by implication permits distinct and separate persons, having causes of action against the same defendant or defendants as distinct, independent and separate as the two causes of action in the case at bar, to join as plaintiffs originally in one and the same suit. Nor can such joinder of causes of action, or of plaintiffs, be made afterwards, by way of amendment, against the objection of the defendant. The statute of amendments gives the plaintiff liberty to "insert new counts in the complaint or declaration which might have been originally inserted therein." Gen. Statutes, § 1023. Complaints for breach of contract may be changed into com

plaints for a tort, and complaints for a tort into complaints for breach of contract, under certain circumstances. Gen. Statutes, § 1024. Complaints may be amended so as to correspond with the facts proved, and to the relief to which the parties may be entitled. Gen. Statutes, § 1025. It is provided by statute, also, that all defects, mistakes and informalities in the pleadings or other parts of the record or proceedings, may be amended. Our statute of amendment and the practice act and rules are certainly quite liberal in the matter of amendments, and the joinder, misjoinder or changes of parties, as regards both plaintiffs and defendants; but we are not acquainted with any statute or rule or practice which would permit or sanction any such change and amendment as the one proposed in the case at bar, if objected to by the defendant.

We hold, therefore, that the joinder of two such distinct and independent causes of action in one complaint, and of two such plaintiffs in one action, ought not to be permitted against the objection of the defendants.

The plaintiff, however, seems to claim that the complaint as amended may be regarded as one now pending by the trustee alone to remove a cloud from his title; that the executor, with his original cause of action, may be regarded as having dropped out of the case; and that the plaintiff as trustee may be substituted in place of the plaintiff as executor. It is true the practice act provides that when an action has been commenced in the name of the wrong person as plaintiff, the court, if satisfied of this, may allow any other person to be substituted or added as plaintiff. But the original action in the case at bar was not commenced in the name of the wrong party by mistake, and the proposed amendment means the entrance not only of a new and different plaintiff, but one with a new and independent cause of action.

It may well be that, under our present practice, if *A* brings suit against *B* upon a certain cause of action, and it turns out that the cause of action stated was in favor of *C* rather than *A*, *C* may be substituted in place of *A* as plaintiff,

in the sound discretion of the court. But we are not prepared to say that where *A* sues *B* upon a supposed cause of action, which turns out to be no cause of action, *C*, with an entirely different and independent cause of action against *B*, can enter as plaintiff in that proceeding to prosecute that cause of action.

It may be said that if the present plaintiff, as trustee, is turned out of court for this reason, he can at once bring his action against the defendant, setting up the facts now attempted to be set up in the proposed amendment; that such a course would cause additional delay and expense to all concerned without any compensating advantages; and that if the same result can be accomplished with due regard to the rights of all by the allowance of the proposed amendment, the spirit, if not the letter, of our statutes and rules of practice requires that it should be allowed.

This argument is more plausible than it is sound. It leaves out of sight the fact that matters of this kind are regulated by statute and positive rule, and that we cannot and ought not to go beyond their provisions and requirements. The law has provided that under certain circumstances a third party may enter as additional plaintiff or as substituted plaintiff in a case pending in court between *A* and *B*. This impliedly prohibits his entrance as plaintiff under other or different circumstances.

If when there is a suit pending between *A* and *B*, the law permitted *C* and all others having separate and independent causes of action against *B*, to enter in that case against *B's* objection, as simultaneous or successive plaintiffs, it might save expense and delay, and it might not. We think, as a rule, it would not, and that the granting of such permission would be very unwise.

But however this may be, it is sufficient for our present purpose to say that the law does not sanction, but impliedly forbids, such a practice. For these reasons we think the complaint cannot, against the objection of the defendants, be amended in the manner proposed.

We therefore advise the Superior Court to disallow the

proposed amendment, and for the reason herein given to sustain that part of the demurrer which relates to the original complaint and the relief therein sought, and to dismiss the present complaint.

In this opinion the other judges concurred.