SAMUEL A. MILES AND ANOTHER *vs.* CHARLES K. STRONG AND OTHERS.

New Haven & Fairfield Cos., April T., 1892.   ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

Where the defendants claimed and asserted a right to certain real estate of which the plaintiffs were in possession claiming title, and the respective rights of the parties depended upon the construction of a will under which both claimed, it was held that a court of equity would not entertain the plaintiffs' suit for a removal of the cloud upon their title, but would leave them to an adjudication as to the rights of the parties in an action at law.

And it made no difference that the assertion of their claim by the defendants rendered the plaintiffs unable to sell the land.

The proper forum to try titles to land is a court of law, and this jurisdiction cannot be withdrawn at pleasure and transferred to a court of equity upon the pretense of removing a cloud from a title.

[Argued April 22d—decided June 30th, 1892.]

SUIT for the removal of a cloud from a title; brought to the Superior Court in New Haven County, and heard before *Thayer, J.* Facts found and judgment rendered for the plaintiffs, and appeal by the defendants. The case is fully stated in the opinion.

*G. P. Carroll*, for the appellants.

In suits to remove a cloud from a title the defendant's claim must be of a title paramount to that of the plaintiff. *Bockes* v. *Lansing*, 74 N. York, 437; *Houghtaling* v. *Walling*, 48 Hun, 104; *Cornish* v. *Frees*, 74 Wis., 490; *Nicker-*

*son* v. *Loud*, 115 Mass., 97. Parties claiming under the same devise in a will can have no paramount title one over the other; the only doubt that can arise is as to the line of demarcation between their respective interests. This possible overlapping of claims in the same devise is closely analogous to a dispute as to boundaries between adjoining proprietors, in which case, where no equity has been superinduced by the act of the parties, such as fraud, accident or misconduct, equity cannot adjudicate. *Wolcott* v. *Robbins*, 26 Conn., 236; 1 Story's Eq. Jur., § 615. If this action is maintainable, why cannot a party in possession, claiming title under one construction of a deed, bring a suit in equity against a party out of possession, claiming title under a different construction of the same deed. The jurisdiction of equity in removing clouds from titles is ancient; its limitations are well defined and exactly determined. *Phelps* v. *Harris*, 101 U. S. R., 374. It exists only where there is outstanding an adverse instrument, or where certain acts have been done by the defendants that may be used to the prejudice of the plaintiff's title, and where the invalidity of the adverse claim is not apparent on its face, but requires extrinsic evidence, liable to loss and destruction, for its manifestation. The validity of certain clauses in this will of Selah Strong, and of the decrees distributing his estate, appear on their face, either as valid or invalid, as pure matters of law; no extrinsic evidence is even competent. *Chipman* v. *City of Hartford*, 21 Conn., 488; *Kimberly* v. *Fox*, 27 id., 307; *Munson* v. *Munson*, 28 id., 582; *Treadwell* v. *Brooks*, 50 id., 262; *Welles* v. *Rhodes*, 59 id., 506; *Crooke* v. *Andrews*, 40 N. York, 547; *Town of Venice* v. *Woodruff*, 62 id., 462; *Lehman* v. *Roberts*, 86 id., 239.

*W. B. Stoddard* and *S. C. Loomis*, for the appellees.

That equity will interfere in a suit like the present, seems to us to admit of little doubt. Bispham in his work on Equity uses the following language :—" Bills to remove a cloud from a title may sometimes also fall under the head

of relief *quia timet*, although, as has been seen, they may occasionally be properly classed under bills for the surrender and cancellation of void instruments. The doctrine, however, is not confined in its application simply to cases in which a void or voidable instrument is sought to be canceled. It may be asserted in almost any case in which justice requires that the title of a party in possession should be quieted and the evidence of that title is clear. The principle upon which these bills are based is, simply, that it is inequitable that a party in possession should be embarrassed by having hanging over him a hostile claim, which, although not actively asserted, and not of any validity, is nevertheless calculated to affect the marketability of the title. The jurisdiction of courts of chancery in such cases is well established." Bispham's Principles of Equity, § 575, and cases cited. In *Chipman* v. *City of Hartford*, 21 Conn., 488, the head note is :—" It is an established principle of equity that when an instrument is outstanding against a party which is void, or an unfounded claim is set up which he has reason to fear may at some time be used injuriously to his rights, thereby throwing a cloud over his title, equity will interfere and grant the appropriate relief." In that case the plaintiffs claimed title under the will of Samuel Marsh, either as devisees or as purchasers. They had sold the premises and given a deed thereof, when the purchasers withheld a part of the consideration, on account of a lien which was claimed by the city of Hartford. CHURCH, C. J., on p. 498, says :—" Aside from any discovery sought, this bill is not merely *quia timet*, but the claim of the defendants is working a present injury by actually preventing purchasers from making payment of the stipulated price to the plaintiffs, by reason of the cloud upon their title. 2 Story Eq., § 700. In the case of *Simpson* v. *Lord Howdon* an action at law was pending to try the same question ; and in the case of *Pearsoll* v. *Elliott*, the same question had been already determined ; but here the plaintiffs were left in the dark and in doubt, because the defendants still insisted upon their lien, and yet instituted no means to enforce it." So

in the case at bar, these defendants make claim under these instruments on record, and there is no way of determining them unless the present suit can be maintained. We cannot bring any action at law, for we are in possession. This court has said it was too late for the executor to obtain a construction of the will. In the language above quoted, the defendants insist upon their claims and yet institute no means to enforce them. They can get no benefit out of it themselves, they know their claims are invalid, and they are determined that the plaintiffs shall have no benefit from this property, and yet there is a color of right in their claims based upon these records. Whether a court of equity will take jurisdiction of such a matter is to be determined according to the circumstances of each particular case, in the exercise of a sound discretion. In the *Chipman* case, on p. 498, the court says :—" We are impressed with the good sense of the remarks of Chancellor Kent on this subject, in *Hamilton* v. *Cummings*, 1 Johns. Ch., 517, in which case all the cases are reviewed. He says—' Perhaps the cases may all be reconciled, on the general principle that the exercise of this power is to be regulated by sound discretion, as the circumstances of individual cases may dictate.' " See also *Swift* v. *Larrabee*, 31 Conn., 225 ; *Munson* v. *Munson*, 28 id., 582, 588. In *Buxton* v. *Broadway*, 45 Conn., 540, this court sustained a bill in equity for an injunction against the prosecution of an action on a non-negotiable note, holding that " as the petitioner had no control over the action at law, but the respondent might withdraw it and wait several years before bringing another, the remedy at law was not adequate." Our case comes within the rule laid down in *Welles* v. *Rhodes*, 59 Conn., 498. See also *Holland* v. *City of Baltimore*, 11 Md., 197 ; *Kay* v. *Scates*, 37 Penn. St., 31; *Coit* v. *Grey*, 25 Hun, 444 ; *Holland* v. *Challen*, 110 U. S. R., 20, 24. *Nickerson* v. *Loud*, 115 Mass., 94, and that class of cases, are totally different. The Ware paper was void on its face. Extrinsic evidence is necessary in the case at bar. The condition of the estate—did Ernest die before he reached his majority—did he leave lawful issue—has he

disposed of the property—are all matters that must be proved by extrinsic evidence. These papers on record are not void on their face. In *Coit* v. *Grey*, *supra*, the only extrinsic matter to be proved was whether the man was the husband of the woman, so as to show he had a life estate. As we construe the opinion in *Miles* v. *Strong*, 60 Conn., 401, we are directed to bring this suit substantially as we have brought it. And there is no intimation that the Superior Court has no jurisdiction, as there was in *Welles* v. *Rhodes*.

TORRANCE, J. This is a complaint brought to remove a cloud upon the title to certain land in the town of Milford and for discovery and other relief.

The defendants demurred to the complaint, chiefly on the ground that the facts alleged therein did not show the existence of any cloud upon the plaintiff's title or entitle them to the relief sought. The demurrer was overruled, the case was heard upon its merits, and upon the facts found on the record judgment was rendered for the plaintiffs. No discovery was in fact sought for or obtained. The record shows substantially the following facts.

The real estate in question was devised to Ernest Strong Miles, one of the plaintiffs, under the will of Selah Strong, which contains the following clause :—

" The foregoing devises to the said Ernest Strong Miles are subject to the charges aforesaid, to him and his heirs forever, provided however that if he, the said Ernest Strong Miles, shall die before he attains his majority, or without leaving lawful issue surviving him, and without having disposed of all the lands by this will devised to him, either by deed or by will, then, and in either of these events, it is my will that all said lands herein devised to the said Ernest Strong Miles, and not by him disposed of, shall descend to and be distributed among my heirs at law and those who legally represent them."

All the real estate so devised to Ernest was subsequently set out and distributed to him in 1882, and the estate of Selah Strong was then fully and completely settled in the

probate court. The distributors set out said lands to Ernest, subject to the provisions of the above clause of the will, and their return showing that fact is recorded at length in the Milford land records.

In 1890, after Ernest became twenty-one years old, and after the charges in the eighth clause of the will mentioned had ceased to exist, he conveyed by deed to his father, the other plaintiff, in trust for himself and for other purposes set forth in the deed, most of the real estate so devised and set out to him.

Subsequently it became necessary, in order that the plaintiffs might obtain any benefit or profit from the land, to sell that portion of it which is described in the complaint. The plaintiffs, who have been in the full and exclusive possession of all the land devised to Ernest since 1879, claiming an absolute estate in fee therein, contracted to sell the portion of it described in the complaint to Mrs. E. P. Smith. In consequence of certain claims of interest in or title to the land made by the defendants, who were the heirs at law of Selah Strong, the testator, Mrs. Smith refused to purchase or pay for the land. These are the principal facts stated in the complaint and found by the court.

The precise claims which the defendants made and continue to make, and which are said to constitute a cloud upon the plaintiffs' title, and the consequences flowing therefrom, are stated in the finding as follows:—

" After this bargain (to sell the land to Mrs. Smith) was made, the defendants claimed, and since have claimed, that the will and distribution give them some interest in the land, and that any deed of the same from the plaintiffs or either of them would only convey the same subject to such interest of the defendants. This claim of the defendants came to the knowledge of Mrs. Smith and the plaintiffs, but the exact claim or nature of the interest or title of the defendants, as claimed by them, was not made known to the plaintiffs or Mrs. Smith. In consequence of this claim of the defendants Mrs. Smith refused to complete the purchase

and accept a deed of the premises, and the plaintiffs lost the sale thereof."

The principal question made upon the present appeal, and the only one which it will be necessary to consider here, is, whether upon the facts stated the plaintiffs were entitled to judgment. The record clearly shows that the claim made by the defendants is in fact based upon the will.

As stated in the plaintiffs' brief, it is that unless Ernest died leaving issue the land devised to him would go to the defendants as heirs at law of the testator. In other words, the defendants asserted orally that they had, under the eighth clause of the will, a contingent interest in the lands.

The plaintiffs do not claim that the mere bare, naked oral assertion of some right, title or interest in land, without more, would constitute a cloud upon title which a court of equity could be called upon to remove. Such a claim would be untenable. *Welles* v. *Rhodes*, 59 Conn., 498. But they do claim that such oral assertions, taken in connection with the will and the distribution as spread upon the public records, constitute such a cloud. We think the plaintiffs are mistaken in this claim.

It will be observed that all the parties claim under the same will and under the same provisions of that will. They all assert the genuineness and validity of the will and of those provisions. It also appears that, in terms at least, the heirs at law of the testator have or may have under the will some sort of contingent interest in the lands devised to Ernest. Whether the plaintiffs have the absolute title which they claim or whether the defendants have the contingent interest which they assert, depends upon the construction of the will. If any cloud whatever exists upon the plaintiff's title, it exists solely because of the will, and not because of the record of the distribution or of the oral claims and assertions made by the defendants. These are based upon, and derive all their force and effect from the will, and without that they would clearly constitute no cloud upon the plaintiffs' title which a court of equity would ordinarily remove.

It is the will then, and the will alone, that casts a cloud upon the plaintiffs' title, if such a cloud exists ; and whether or not any such cloud exists depends solely upon the construction of the will.

Furthermore, the construction of the part of the will now in question manifestly depends upon the language of the will itself without the aid of extrinsic evidence. The plaintiffs' claim to the contrary is not well founded. Whether, in case Ernest dies without leaving lawful issue surviving him, or without having disposed of all the lands by deed or will, the defendants have an interest of any kind in the land, depends wholly upon the language of the will. So whether the gift over to the heirs of the testator in the eighth clause of the will is void or not, is to be determined from the will itself. and nothing else.

If the construction contended for by the defendants is the correct one, then the claim made by them does not constitute a cloud upon the plaintiffs' title, because on that supposition the claim is a valid one. On the other hand, if the plaintiffs are right in their construction, then there is no cloud which a court of equity will relieve against, for on that supposition the will itself shows on its face, and without the aid of extrinsic evidence, that the claim of the defendants has no foundation ; and in such cases the general rule certainly is that a court of equity will not interfere to remove such a cloud. *Munson* v. *Munson*, 28 Conn., 582 ; *Alden* v. *Trubee*, 44 id., 455 ; *Cornish* v. *Frees*, 74 Wis., 490.

But the plaintiffs say that, until the will is authoritatively construed, the claim of the defendants has enough of plausibility to work the plaintiffs harm in their attempt to sell the land, and that this entitles them to the aid of a court of equity in a proceeding of this kind. In other words, their claim is that they are entitled to ask for the construction of this will for the purpose of settling a dispute about a legal title to land.

We have felt the force of some of the reasons urged in support of such a claim, but the obstacles to its allowance

are insuperable. The complaint in this case in effect asks a court of equity to take jurisdiction of a mere legal question relating to the title to land, and as incidental to the determination of that question to construe this will in advance of a trial at law. We think this cannot be done under our practice in a proceeding of this kind.

In a previous case between these parties, this court held that where a testate estate had been fully settled and distributed, and a question afterwards arose between the devisees under the will, as to the estate which they severally took under the will the executor could not maintain a suit for the construction of the will for the purpose of having the question that had so arisen settled. *Miles* v. *Strong,* 60 Conn., 393.

The court certainly cannot grant such relief as between devisees themselves in such a proceeding without establishing a precedent the bearing and extent of which we cannot foresee. Every dispute between parties relating to the legal title to real estate arising under wills, deeds or other written instruments of title, would furnish a pretext to obtain a construction of the instrument in a proceeding of this kind. We have no statute, as in many states, governing this matter, and we know of no practice under which such a result can be obtained in a proceeding like the one at bar.

In *Crosby* v. *Mason,* 32 Conn., 482, it was suggested on the argument that a proceeding for the construction of a will, even when brought by the executors, was not the proper mode of settling questions between heirs and legatees. The court, while holding that it was too late to raise such a question in this state, says that even such applications should not be favored except where great interests are involved, and a decision in the ordinary course of litigation would be attended with great inconvenience, delay and expense.

In a case very similar to this in some aspects of it the court of New York said :—" But the complaint does not state facts which will give jurisdiction to a court of equity to entertain the case as one asking for the construction of a

will. It is when the court is moved in behalf of an executor, trustee, or *cestui-que-trust,* and to ensure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts. There is nothing of that sort here. The title and possession of the plaintiff is purely a legal one. The title of the defendants, if they have any, is of the same kind. There is no trust to be enforced nor a trustee to be directed." *Bailey* v. *Briggs,* 56 N. York, 407.

In another case the New York court said :—" Whether the clause in the will restraining alienation is as claimed by the defendants repugnant to the estate devised and therefore void, is purely a question of law. Its determination involves legal questions and considerations only, and the case in that aspect of it is not of equitable cognizance. A devisee who claims a mere legal estate in real property of the testator, where there is no trust, cannot maintain an action for the construction of the devise, but must assert his title by ejectment or other legal action, or if in possession must await attack upon it and set up the devise in answer to the hostile claim. (*Wambaugh* v. *Gates,* 11 Paige, 505). This action therefore cannot be maintained in the first aspect presented." *Weed* v. *Weed,* 94 N. York, 243.

See also the following cases which hold the same doctrine. *Cozart* v. *Lyon,* 91 N. Car., 282 ; *Little* v. *Thorne,* 93 id., 69 ; *Bremer* v. *Canal & Dock Co.,* 123 Ill., 104.

For these reasons the complaint viewed as a method to obtain the construction of the will of Selah Strong with respect to the title to this real estate, ought not to be entertained. The real question between these parties relates entirely to the legal title to real estate. Whether the will conveys any interest at all to the defendants, and if so, of what nature or extent, are legal questions and legal questions only. As such the defendants are entitled to litigate them in the ordinary way before the ordinary tribunals. The extrinsic special facts and circumstances alleged as to the condition of the real estate and the situation of the plaintiffs

with regard to it, cannot vary the rule or confer upon a court of equity jurisdiction, if it does not otherwise exist. *Cohen* v. *Sharp*, 44 Cal., 29.

"The jurisdiction of equity cannot be invoked to adjudicate upon the conflicting titles of parties to real estate. That would be to draw into courts of equity from the courts of law the trial of ejectments. He who comes into a court of equity to get rid of a legal title which is alleged to cast a shadow over his own title, must show clearly the validity of his own title and the invalidity of his opponents.' * * * The proper forum to try titles to land is a court of law, and this jurisdiction cannot be withdrawn at pleasure and transferred to a court of equity under the pretense of removing clouds from title." *Phelps* v. *Harris*, 51 Miss., 789 ; *Weed* v. *Weed*, 94 N. York, 243 ; *Cozart* v. *Lyon*, 91 N. Car., 282.

In their brief the plaintiffs say:—"As we construe the opinion in *Miles* v. *Strong*, 60 Conn., 401, we are directed to bring this suit substantially as we have brought it." In the opinion in the case to which reference is thus made this court intended to, and we think did, refrain from expressing any opinion whatever upon the question now decided. If from anything therein said the plaintiffs have been in any way misled, we regret the fact, but, on carefully looking over the opinion in question, we see nothing to justify the construction put upon it by the plaintiffs.

For the reasons hereinbefore given we think the demurrer to the complaint should have been sustained, and also that upon the facts found judgment should have been rendered for the defendants.

There is error in the judgment appealed from and it is reversed.

In this opinion the other judges concurred.