FARRELL MARTIN *vs.* THE SOUTH NORWALK SAVINGS BANK.

Third Judicial District, Bridgeport, April Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The District Court of Waterbury has no jurisdiction of an action to determine and quiet the title to real estate which is not within the judicial district of Waterbury.

Submitted on briefs April 17th—decided May 1st, 1900.

ACTION to determine and quiet the title to certain real estate, brought to the District Court of Waterbury where the defendant filed a plea to the jurisdiction to which the plaintiff demurred; the court, *Cowell, J.*, overruled the demurrer and sustained the plea, and the plaintiff appealed for alleged error in this ruling of the court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill,* for the appellant (plaintiff).

*John H. Light*, for the appellee (defendant).

HALL, J. The plaintiff, a resident of Waterbury, alleges in his complaint that he is the owner of certain land in South Norwalk, and that the defendant claims an interest in a portion thereof, and asks for a judgment clearing up all doubts about the title, a judgment establishing the plaintiff's title free from the claims of the defendant, and for $500 damages.

The defendant pleaded to the jurisdiction, alleging that the action was one in which the title to land was to be tried and determined, and that the land was not within the territorial limits of the District Court of. Waterbury; but was situated in Fairfield county and within the exclusive jurisdiction of the Superior Court or Court of Common Pleas for that county. From the judgment of the trial court overruling a demurrer to this plea and dismissing the action, the plaintiff appeals to this court.

Certain towns of New Haven and Litchfield counties are, by statute, made a judicial district, called the district of Waterbury, and within and for which district the District Court of Waterbury is held at Waterbury in New Haven county. General Statutes, §§ 710, 711.

Section 715 of the General Statutes, amended by chapter 181 of the Public Acts of 1895, after defining the jurisdiction of the District Court in actions in which equitable relief only is claimed, provides that "said court shall have jurisdiction of all other civil actions, wherein the matter in demand exceeds one hundred dollars, provided the parties, or either of them, reside within the limits of said district;" and also provides for an appeal to the Superior Court to be held at Waterbury in actions wherein the matter in demand exceeds one thousand dollars.

Because the plaintiff in the present suit resides within said district, it is claimed, from the language of this section, that the District Court of Waterbury has jurisdiction of this action, in which, as is in effect admitted by the demurrer to the plea, the title to land situated in Fairfield county and without the limits of the district of Waterbury is to be tried and determined.

To give such an effect to the provisions of this section would be to disregard the plain terms of § 964 of the General Statutes, requiring that "civil actions wherein the title to land is to be tried and determined, and actions for trespass to land, shall, if brought to the Superior Court or Court of Common Pleas, be brought and tried in the county, and if brought to the District Court, shall be brought and tried *in the judicial district where the land lies;* and all *other* civil actions, if brought to the Superior Court or Court of Common Pleas, shall be brought in the county, and if brought to the District Court, in the judicial district where the plaintiff or defendant dwells."

From an early date the law of this State has required that actions in which the title to the land was to be tried and determined should be brought and tried in the county in which the land was situated. Revision of 1750, p. 4. To this general law, by the provisions cited of §§ 715 and 964 — which must be read together to correctly ascertain the jurisdiction of the District Court in actions of this character — an exception was created, which permitted actions in which the title to land was to be tried to be brought to the District Court, though the land did not lie in the county in which such court was held, provided it was situated in the district within and for which such District Court was held.

*Curtiss* v. *Atwood,* 51 Conn. 169, and *Burke* v. *Grace,* 53 id. 513, cited by the plaintiff, do not sustain the contention that actions involving the trial of title to land lying without the territorial limits of the judicial district, may be made returnable to and tried in the District Court of Waterbury. In both of these cases the land was within the judicial district, though not within the county in which the District Court was held. These cases only decided that suits in which was to be tried the title to land situated in Litchfield county, but in the judicial district of Waterbury, might be made returnable to and tried by the District Court of Waterbury holden in New Haven county.

There is no error.

In this opinion the other judges concurred.