HENRY F. KEMPF ET UX. *vs.* LOUISE A. WOOSTER ET ALS.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, BURPEE, KEELER and AVERY, Js.

In a suit to settle the title to a piece of land which had formerly been part of a highway long ago abandoned by the public, the trial court reached the conclusion that the defendant had acquired its ownership by adverse possession for more than twenty years. *Held* that inasmuch as this conclusion violated no rule of law, logic or reason, it must stand.

This court will not retry a case upon the facts.

The only reputation admissible to establish the former existence of a highway, is that of a past generation.

Argued June 12th—decided July 27th, 1923.

SUIT to quiet and settle the title to real estate, brought to and tried by the Superior Court in Fairfield County, *Marvin, J.;* facts found and judgment rendered in favor of the defendant Wooster, from which the plaintiffs appealed. *No error.*

The land involved is situated at Huntington Center in Shelton. The highway running through Huntington Center is intersected on its westerly side by a highway formerly known as the Walnut Tree Hill road which comes into the main highway upon a dull curve,

making an abtuse angle at the point of intersection.

The land of the plaintiff is bounded easterly by the main highway through Huntington Center. The land of the defendant adjoins the land of the plaintiff on the west, and is bounded on the north by the Walnut Tree Hill road. On the westerly side of the plaintiff's land was a board fence on a part of the boundary line between the land of the plaintiff and the land of the defendant. For more than forty years a fence ran from the northerly end of the division fence between the property of the plaintiff and the defendant to a wire-bound fence post.

The land in controversy is the triangular shaped piece of land lying between the land belonging to the defendant, and the line of the former fence from the wire-bound post to the end of the board fence between the property of the plaintiff and defendant, and the two highways as they now exist; so that the land may be said to be bounded generally north and east by the highways, south by the line of the former fence from a wire-bound post to the end of the board fence between the property of the plaintiff and defendant, and west by land belonging to the defendant.

The fence formerly running on the southerly line of the tract in dispute, from the wire-bound fence-post to the end of the board fence along the defendant's westerly line, or some other fence along the same line, had been in existence in the same place for more than forty years, and, immediately prior to the beginning of this action, the plaintiffs pulled down this fence and drove stakes in the land in question at the edge of the traveled part of the highway.

The dwelling-house now occupied by the defendant Wooster, is west of the land in controversy, and was formerly occupied as the post-office of the village of Huntington, and the triangular piece in question was

used by the public for about two hundred years for the purpose of gaining access from the traveled part of the highway to the post-office, and as a place to fasten horses and leave teams standing. Such use by the public was abandoned more than fifteen years prior to the beginning of the present action, since which time the only use made of the land was by the defendant and such of the public as might have occasion to go to the defendant's house as a private dwelling. At one time there was a fence running parallel to the westerly line of the tract in controversy and substantially parallel to the easterly side of the Wooster house, enclosing a part of the tract in controversy into the lawn around the Wooster house. The land between this fence and the Wooster house was occupied by one or more flower gardens and was kept as a lawn by the Woosters as long as the fence existed, and up to the time of the commencement of this action. This fence was removed about ten years prior to the trial of this case. For sometime prior to the removal of this fence, and at all times since, the part of the triangle in controversy to the east of the fence, has been kept and maintained by the Woosters as a lawn. At no time did the plaintiffs or their predecessors in title occupy or use any portion of the triangular piece of land except as did other members of the general public.

The Attorney General, as representing the State and the public, was made a party defendant and filed an answer disclaiming any interest or estate in the land or any part thereof.

*John B. Dillon*, for the appellants (plaintiffs).

*Robert L. Munger*, for the appellee (defendant Wooster).

Kempf *v.* Wooster.

Avery, J.   The trial court has found that no formal claim on the part of any one representing the public to this land as a highway had been made, nor was there evidence of any public use of it or claim to it as a highway, for more than twenty years prior to the commencement of this action; and that after the abandonment of the highway rights by the public, the defendant and her predecessors in title and no other person as against the plaintiffs and their predecessors in title, have had the continuous, exclusive, uninterrupted and adverse possession of the land in question under a claim of right for more than twenty years prior to the beginning of this action, and had disseized the plaintiffs as owners of the fee of any interest which might have reverted to them after the abandonment of any highway right held by the public over the land in controversy, and that the defendant had gained title to such land by adverse possession.

The conclusion arrived at by the trial court was not made in violation of any rule or principle of law nor of the rules of logic or reason, nor is it contrary to or inconsistent with the subordinate facts so far as they appear in the finding.   The conclusion of the trial court, therefore, must stand.   *Hayward* v. *Plant,* 98 Conn. 374, 380, 119 Atl. 341.   Moreover, an examination of the evidence discloses that the paragraphs of the finding to which exceptions were taken were supported by evidence.   In substance, the plaintiff's contention amounts to no more than that this court should re-examine the disputed evidence and reach different conclusions of fact from those reached by the trial court upon the evidence offered.

During the trial, several of defendant's witnesses were inquired of by counsel for the plaintiffs on cross-examination, whether or not the land in question was not generally reputed to be a portion of the highway.

These questions were properly excluded. The only reputation admissible to establish such facts as that the land was public ground and that there was a highway over it, is that of a past generation. *Dawson* v. *Orange*, 78 Conn. 96, 108, 61 Atl. 101; 3 Wigmore on Evidence (2d Ed.) § 1582.

There is no error.

In this opinion the other judges concurred.