FREDERICK I. PROUT ET AL. *v.* SAMUEL F. MONROE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 8-654-3526

Argued July 11—decided August 26, 1966

*Frank J. Dumark,* of Branford, for the appellants (plaintiffs).

No appearance for the appellees (defendants).

JACOBS, J. This is a statutory action brought under the provisions of §§ 47-31 and 47-32 of the

General Statutes to quiet title to premises known as 247 Harbor Street in the town of Branford, Connecticut. The complaint is in the customary form (Practice Book, Form 395) used in actions to quiet title under the statute. The plaintiffs alleged that "[t]he defendants claim estates in or interests in said land or parts thereof which are adverse to the title (or interest) of the plaintiffs thereto (or therein)." In their prayer for relief, they seek "a judgment determining the rights in or to said land and settling the title thereto." Upon the filing of the motion for default against the defendant Willys M. Monroe for failure to plead,[2] the court on its own motion raised the "issue of whether or not the Circuit Court has jurisdiction in an action to quiet title." The court ruled that it lacked jurisdiction over the subject matter and held that exclusive jurisdiction was vested in the Superior Court and the Court of Common Pleas; whereupon, the court erased the case from the docket and rendered judgment accordingly.

The precise question posed to us for resolution on this appeal is a narrow and restricted one: Is an action to quiet title under the provisions of §§ 47-31 and 47-32 triable only by the Superior Court or the Court of Common Pleas? We think it is.

When this action was returned to court in June, 1965, our basic statute relating to the jurisdiction of the Circuit Court was Public Acts 1959, No. 28, § 24 (as amended, General Statutes § 52-2a), limiting jurisdiction to "all civil matters for legal or equitable relief, or both, including actions of summary

---

[2] After this action was instituted and returned to court, Samuel F. Monroe, deceased, his heirs, representatives and creditors, Edith J. Monroe, widow of Samuel F. Monroe, Mildred A. Tesar, and Robert L. Potter were dropped as parties defendant. Willys M. Monroe, of Boca Raton, Florida, was the sole defendant in the case. He filed an appearance pro se.

process and bastardy actions, but not including those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts, wherein the amount, legal interest or property in demand does not exceed in value two thousand five hundred dollars, not including interest, costs and attorney's fees."[3] See Rubinow, "Circuit Court Civil Jurisdiction and Procedure" § 188 (a), in Stephenson, Conn. Civ. Proc. (Sup. 1963).

Prior to 1893, Connecticut had no statutory proceeding to quiet title. *Miles* v. *Strong,* 62 Conn. 95, 103; *Gaul* v. *Baker,* 105 Conn. 80, 83. In that year, the legislature, having been made aware by certain decisions of our Supreme Court that an owner of land in possession was prevented from making a beneficial sale of his land by claims of others to certain contingent remainder interests in the property,[4] and that under existing law there was no remedy, passed "An Act concerning Civil Actions" to provide a statutory equitable action for the redress of such a wrong or hardship. Public Acts 1893, c. 66; *Foote* v. *Brown,* 78 Conn. 369, 373; *Ackerman* v. *Union & New Haven Trust Co.,* 90 Conn. 63, 72. Under § 5 of the act, it was provided, without referring to the specific court to which the action was to be made returnable, that "[t]he court shall hear the several claims and determine the rights of the parties, whether derived from deeds, wills, or other instruments, or sources of title, and

---

[3] Effective with respect to cases returnable after September, 1965, the jurisdictional limit of the Circuit Court was increased from $2500 to $7500; General Statutes § 52-2a, as amended by Public Acts 1965, No. 331, §§ 29, 50; but the amendatory legislation preserved the language excluding from the jurisdiction of the Circuit Court "those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts."

[4] See, for example, *Miles* v. *Strong,* 60 Conn. 393; *Miles* v. *Strong,* 62 Conn. 95.

may determine the construction of the same, and render judgment determining the questions and disputes, and quieting and settling the title to said property."[5] "This statute was in substance an Act authorizing a declaratory judgment in relation to one class of rights, although no attempt was being made to enforce an adverse claim as to such rights." *Braman* v. *Babcock,* 98 Conn. 549, 555;[6] see 16 Am. Jur. 277 n.9, Declaratory Judgments, § 3; Borchard, Declaratory Judgments (2d Ed.), pp. 139, 140 n.12 (referring to Public Acts 1915, c. 174, § 1). In 1913, the act was amended in form only; it remained substantially the same as the 1893 act. Public Acts 1913, c. 54. In 1915, the act was again amended to include within its provisions personal as well as real property and to allow an action to be maintained, not only against anyone who claimed to own the property or any part thereof, or to have any estate in it, or any lien or encumbrance thereon, adverse to the plaintiff, but against anyone "in whom the land records disclose any interest, lien, claim, or title conflicting with the plaintiff's claim, title or interest, and whether the plaintiff is entitled to the immediate or exclusive possession of such property." Public Acts 1915, c. 174, § 1; *Gaul* v. *Baker,* supra; *Bowne* v. *Ide,* 109 Conn. 307, 310. "Under the amplification of the statutory action made by chapter 59 of the Public Acts of 1921, which now is embraced in § 47-32, . . . claims for incidental relief were proper." *Loewenberg* v. *Wallace,* 147 Conn. 689, 692. The 1921 act went on to provide that "[w]hen any such action shall be brought to the court of common pleas or superior court having jurisdiction of one of such causes of

---

[5] See Rev. 1902, § 4053; Rev. 1918, § 5113; Rev. 1930, § 5035; Rev. 1949, § 7120; General Statutes § 47-31.

[6] Under General Statutes § 52-29, the Superior Court and the Court of Common Pleas have concurrent jurisdiction over declaratory judgment actions.

action, such court shall have jurisdiction over all of the causes of action so joined."

Section 52-28 of the General Statutes confers concurrent jurisdiction in the Court of Common Pleas and the Superior Court over "any civil action to quiet and settle title to land";[7] and when this section is read, as it must be read, together with §§ 47-31 and 47-32 to ascertain correctly the jurisdiction in actions of this character, it is our opinion that the Circuit Court lacks jurisdiction over an action to quiet title. "There are times when statutes should be complied with according to their spirit and intent." *Bates* v. *New York & N.E.R. Co.*, 60 Conn. 259, 266. Moreover, it is a fundamental principle of statutory construction that "[e]very Act of the legislature should be so construed as to give it force and effect to accomplish the manifest intention of the legislature." *Bissell* v. *Butterworth,* 97 Conn. 605, 615. "A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620. Thus, when it is specified in § 52-28 that any civil action to quiet and settle title to land may be brought either to the Superior Court or to the Court of Common Pleas, there is an implied prohibition against bringing the action in any other court. Moreover, our view is fortified by a long line of decisions, except perhaps for two cases,[8] in which

---

[7] In 1965, § 52-28 was amended by increasing the jurisdictional minimum of the Court of Common Pleas from $5000 to $7500 and the maximum from $10,000 to $15,000, effective with respect to cases returnable after September 1, 1965; Public Acts 1965, No. 331, §§ 32, 50. However, concurrent jurisdiction over "any civil action to quiet and settle title to land" remained in the Superior Court and the Court of Common Pleas.

[8] In *DiDomizio* v. *Scapellati,* 109 Conn. 451 (1929), the action to quiet title originated in the City Court of New Britain. 358 Rec. & Briefs, Pt. 1, p. 233. Apparently the charter of the city of New Britain was broad enough to include within the jurisdiction of the

the action to quiet title originated in either the Superior Court[9] or the Court of Common Pleas.[10] We fail to find clear-cut authority in § 51-260, dealing primarily with questions of venue, merely upon the strength of the portion of the statute which gives to the Circuit Court jurisdiction in "nonjury civil actions . . . , *if the* action concerns land . . ." (italics supplied). See Rubinow, op. cit. § 189 (a).

"Where want of jurisdiction appears on the face of the record, as it did in this case, a motion to erase is proper." *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339; see *Park Construction Co.* v. *Knapp,* 150 Conn. 588, 591.

City Court actions to test or determine title to land. On appeal from a judgment in favor of the defendant, a trial de novo was had in the Court of Common Pleas, where judgment was rendered for the plaintiff. 358 Rec. & Briefs, Pt. 1, p. 234. Actually, therefore, in affirming the judgment of the Court of Common Pleas, the Supreme Court was reviewing the proceedings of the Court of Common Pleas and not those of the City Court of New Britain. The other case is *Martin* v. *South Norwalk Savings Bank,* 72 Conn. 698 (1900), where the action to quiet title to real estate was made returnable to the District Court of Waterbury. But this case was decided before the 1915 act (Public Acts 1915, c. 174), which broadened the scope of the original 1893 act (Public Acts 1893, c. 66), and long before the "amplification of the statutory action made by chapter 59 of the Public Acts of 1921." *Loewenberg* v. *Wallace,* 147 Conn. 689, 692.

[9] See, for example, *Curtis* v. *Lewis,* 74 Conn. 367; *Bates* v. *Spooner,* 75 Conn. 501; *Cahill* v. *Cahill,* 76 Conn. 542; *Layton* v. *Bailey,* 77 Conn. 22; *Dawson* v. *Orange,* 78 Conn. 96; *Foote* v. *Brown,* 78 Conn. 369; *Gerard* v. *Ives,* 78 Conn. 485; *Spencer* v. *Merwin,* 80 Conn. 330; *Gerard* v. *Beecher,* 80 Conn. 363; *New York, B. & E. Ry. Co.* v. *Motil,* 81 Conn. 466; *Humphrey* v. *Gerard,* 83 Conn. 346; *Standard Co.* v. *Young,* 90 Conn. 133; *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500; *Hartford-Connecticut Trust Co.* v. *Cambell,* 95 Conn. 399; *Kempf* v. *Wooster,* 99 Conn. 418; *Gaul* v. *Baker,* 105 Conn. 80; *Bowne* v. *Ide,* 109 Conn. 307; *Shaw* v. *Spelke,* 110 Conn. 208; *Bickell* v. *Moraio,* 117 Conn. 176; *Hagearty* v. *Ryan,* 123 Conn. 372; *Reaney* v. *Wall,* 134 Conn. 663; *Miner* v. *Miner,* 137 Conn. 642; *Buckley* v. *Webb,* 143 Conn. 309; *Dennen* v. *Searle,* 149 Conn. 126.

[10] See, for example, *Ashley Realty Co.* v. *Metropolitan District,* 132 Conn. 551; *Gager* v. *Carlson,* 146 Conn. 288; *Loewenberg* v. *Wallace,* 147 Conn. 689; *Loewenberg* v. *Wallace,* 151 Conn. 355; *Girden* v. *Alubowicz,* 15 Conn. Sup. 465.

"[I]f the question whether there is a lack of jurisdiction of the subject matter of an action comes to the attention of the court, it can proceed no further until the matter is determined; it is of no consequence how it is suggested; and the court may even act suo motu." *Felletter* v. *Thompson,* 133 Conn. 277, 280.

The question herein involved is deemed by the appellate panel to constitute a substantial question of law affecting the marketability of titles and should be reviewed by the Supreme Court.[11] The question presented for review is: Does the Circuit Court have jurisdiction over actions to quiet and settle title under the provisions of §§ 47-31 and 47-32 of the General Statutes?

There is no error.

In this opinion LEVINE, J., concurred.

KINMONTH, J. (dissenting). I agree with the majority in the historical background of actions to settle title of land but cannot agree with its decision. Merely being fortified with a long line of cases originating in the Superior Court and the Court of Common Pleas is not determinative of the question whether the Circuit Court also has jurisdiction over cases to settle title to land. I feel that it does up to the limit of its jurisdiction.

Sections 47-31 and 47-32 of the General Statutes have remained substantially the same for many years and merely refer to "the court." In *Miles* v. *Strong,* 68 Conn. 273, 286, in discussing the original act (Public Acts 1893, c. 66), the court stated: "[I]t does not provide in what court the proceedings shall

[11] The three judges of the appellate panel voted affirmatively for certification of the appeal to the Supreme Court. See Practice Book §§ 740, 753.

be brought, whether in the Superior Court or in some of the inferior courts; nor in what county, whether that where the property lies, or that wherein the parties or some of them reside; nor how the jurisdiction of the inferior courts is to be determined, whether by the value of the property described in the complaint, or otherwise. In these and other respects the Act is very loosely and carelessly drawn, and may require amendment, but the purpose of its enactment is tolerably clear, and effect ought to be given to its provisions . . . . We think the legislature in this Act intended to clothe the Superior Court and the inferior courts having common law powers, with power to hear and determine cases of this kind, if in other respects within their jurisdiction according to existing laws; and that the word 'court' . . . is to be construed just as if it was qualified by the name of some specific court; the word 'court,' when so read, unquestionably means the tribunal, and not merely the judge thereof." Although the original act has been amended, as stated in the majority opinion, the legislature has still not specified that any particular court or courts shall have exclusive jurisdiction. General Statutes § 52-2a.

Our former municipal courts were courts of limited jurisdiction, whereas the Circuit Court has general jurisdiction subject only to the limitations imposed by the legislature and is a court of record within the judicial structure of the state of Connecticut. Section 52-2a gives the Circuit Court jurisdiction, "but not including those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts." As noted above, § 47-31 does not say what court or courts shall have jurisdiction, and therefore we must look elsewhere. In § 52-42, we find: "Civil actions wherein the title to land is to be tried and

determined . . . shall be brought and tried in the county . . . and, if brought before the circuit court, in the circuit, within which the land lies . . . ."[12] This section specifically gives the Circuit Court jurisdiction over cases involving the title to land. Since the legislature has not made cases involving the settlement of title to land triable only by the Superior Court or the Court of Common Pleas, it follows that the Circuit Court has jurisdiction within the limits prescribed by statute. See *Martin* v. *South Norwalk Savings Bank,* 72 Conn. 698, in which an action to quiet title was brought to the District Court of Waterbury under a statute similar to § 52-42.

The question may arise, how we can determine whether an action to quiet title returnable to the Circuit Court comes within its jurisdiction of $7500, when the complaint mentions no ad damnum? Under § 47-31, the defendant must set out in his answer the interest he claims. If his claim is beyond the monetary jurisdiction of the Circuit Court, then the action may be transferred to the proper court under § 52-32.

I therefore conclude that the Circuit Court has jurisdiction over actions to settle title to land.

---

[12] The majority opinion refers to § 52-28 of the General Statutes, but I feel it has omitted one important word, "may." Section 52-28 states that the action "may" be brought, and deals only with the concurrent jurisdiction of the Superior Court and the Court of Common Pleas. The section does not use the word "shall."