[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE SECOND AND THIRD COUNTS OF COMPLAINT
This case began when the plaintiffs James and Mary McKay instituted a three-count complaint dated June 7, 1990. In the first count the plaintiffs allege that the defendants Wilson and Clara Scott claim title to a portion of a parcel of land the plaintiffs purchased from the defendant Marguerite Spring. The plaintiffs ask the court to quiet title and determine ownership of the disputed property. In the second count the plaintiffs allege that if the court determines that the Scott defendants do actually have title to the disputed property, the defendant Spring will have breached a covenant of warranty contained in their warranty deed. In the third count the plaintiffs allege that if the court determines that the Scott defendants have title to the disputed property, the plaintiffs will suffer loss and damage resulting from the defendant Spring's breach of contract.
The defendant Spring filed a motion to strike dated October 11, 1990, arguing that the second and third counts are improperly joined with the first count. Memoranda of law in support of and in opposition to the motion to strike have been filed. A hearing was held on that motion on November 13, 1990 before this court.
A motion to strike may be used to assert the improper joining of two or more causes of action into one complaint. Connecticut Practice Book section 152.
The defendant Spring argues in her motion to strike the second and third counts that, pursuant to Connecticut Practice Book section 133 and Connecticut General Statutes section 52-97, the plaintiffs are prohibited from joining the actions for breach of covenant of warranty and breach of contract with the statutory action to quiet title.
Connecticut General Statutes section 52-97 provides:
 Section 52-97. Union of legal and equitable causes of action; limitation CT Page 4243
 In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either (1) upon contract, express or implied, or (2) for injuries, with or without force, to person and property,.or either, including a conversion of property to the defendant's use,.or (3) for injuries to character, or (4) upon claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same, or (5) upon claims to recover personal property specifically, with or without damages for the withholding thereof, or (6) claims arising by virtue of a contract or by operation of law in favor of or against a party in some representative or fiduciary capacity, or (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. The several causes of action so united shall all belong to one of these classes, and, except in an action for the foreclosure of a mortgage or lien, shall affect all the parties to the action, and not require different places of trial, and shall be separately stated; and, in any case in which several causes of action are joined in the same complaint, or as matter of counterclaim or set-off in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action or may direct that any one or more of them be expunged from the complaint or answer. (1949 Rev., sec. 7819; 1959, P.A. 28, sec. 174.)
Connecticut Practice Book section 133 contains identical provisions.
The statutory action to quiet title is equitable in its essence. Loewberg v. Wallace, 147 Conn. 689, 692 (1960). Breach of contract and breach of covenant in a deed, on the CT Page 4244 other hand, are legal in nature, not equitable.
Connecticut General Statutes section 52-97
specifically requires that "(t)he several causes of action so united shall all belong to one of these classes." The plaintiffs argue in their memorandum in opposition to the motion to strike that both the equitable quiet title action and the legal actions belong to the class found in sub-part (7), which encompasses ". . . claims, whether in contract or tort or both, arising out of the same transaction or series of transactions connected with the same subject of action." Sub-part (7) is found to be inapplicable because the statutory quiet title action cannot be properly characterized as a claim in contract or tort, but instead is an action created entirely by statute. See Prout v. Monroe, 4 Conn. Cir. Ct. 15, 17 (App.Div. 196 6) (noting that prior to the 1893 enactment of what is now Connecticut General Statutes section 47-31, a landowner who was prevented from selling his land because of claims of interest in the land asserted by others, had no remedy available to him). Further, none of the other classes enumerated in Connecticut General Statutes section 52-97
encompass both the plaintiffs' equitable quiet title action and legal breach of contract actions. Consequently, Connecticut General Statutes section 52-97 prohibits the joining of the actions set forth in the second and third counts with the action set forth in the first count.
The plaintiffs argue that Connecticut General Statutes section 47-32 specifically permits the joinder of these causes of action. Connecticut General Statutes section47-32 provides in pertinent part:
 In any action to quiet title to real estate. . ., the plaintiff may join several defendants and all causes of action relating to defects in the title to any property described in the complaint, claims against the property or affecting title to it and encumbrances on the property . . . (emphasis added).
No prior Connecticut court decision has been cited or found where this statute has been used as a basis for joining covenant or contract claims against a predecessor in title with an action to quiet title. This statutory provision has been in effect since 1921. Shaw v. Spelke, 110 Conn. 208,214 (1929). Connecticut General Statutes section 47-32 permits a plaintiff to join with his statutory action to clear title, claims for damages and equitable relief which are incidental to the basic claim involved in the statutory action. CT Page 4245 Lowenburg, 147 Conn. at 692. It is found that the plaintiffs' claims asserted in the second and third counts against the defendant Spring are not incidental to "their statutory action to quiet title asserted against the Scott defendants."
It is noted that at oral argument the defendant Spring asserted an additional ground for her motion to strike. However, "(i)n ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140
(1980). Accordingly, the additional ground raised at oral argument will not be discussed.
Based upon this analysis the motion to strike is granted.
Leuba, J.