JOSHUA R. KING AND WIFE *vs.* NORMAN S. GRIDLEY.

A will contained the following clause:—"I give to my son *N* my dwelling-house and land in *U*, on condition that he pay to each of his three sisters $500; which determination he shall signify within four months after my death. And if he neglect to pay the above named sum to each of his sisters within one year after my death the real estate shall be equally divided among them." Held that a notice given by *N* to his sisters within the four months that he intended to comply with the condition and take the property, did not create a legal obligation to pay the money, but that he still had a right at the end of the year to decide not to pay the money and to leave the property to be divided.

ASSUMPSIT; brought to the Superior Court in Hartford County, and tried to the court before *Hovey, J.* Judgment for the plaintiffs, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*W. C. Case,* in support of the motion.

*C. E. Mitchell,* contra.

LOOMIS, J. This is an action of assumpsit to recover certain sums of money to be paid to three sisters of the defendant as a condition on which he might have the real estate mentioned in his father's will. Mrs. King, one of the plaintiffs, is one of the sisters, and the plaintiffs hold by assignment the claims of the other two.

The result depends on the proper construction of the will, the language of which is as follows:—

"I do give and devise unto my son, Norman S. Gridley, the dwelling-house situated at Unionville in the town of Farming-

ton, and now in my occupation, together with the land and other buildings, and all the appurtenances thereunto belonging, on condition however that he, the said Norman S. Gridley, shall pay or cause to be paid to each of his surviving sisters the sum of five hundred dollars, which determination he shall signify within four months after my death; and in case he shall neglect to pay or cause to be paid to each of his sisters, namely, Cynthia C. King, Martha A. Butler and Jane A. Thompson, the above-named sum of five hundred dollars within one year after my death, the within described real estate shall be equally divided between the said Norman S. Gridley and said named sisters."

The defendant within four months gave written notice to each of his sisters that he intended to comply with the condition and hold the land, and the assumpsit on his part is predicated solely on this fact. It is undoubtedly true, as claimed by the plaintiffs, that the law will imply a promise from the acceptance of a devise which imposes some duty or payment in favor of third persons; but in such cases the devise is so made as to take effect upon such acceptance.

The controverted question in the present case is, whether the bequest to the defendant depended on his verbal or written acceptance, or upon the act of paying the sums named to his sisters within one year. If the notice from its terms might seem to imply a promise, it could not be enforced for want of consideration, unless some estate thereupon became vested in the defendant by force of the will.

If the testator intended to make the defendant's right to the property depend wholly on the notice of his intention, the language of the will seems most unnatural.

There are two clauses to be considered. The first prescribes the condition, and the second disposes of the property on the contingency of a non-compliance with the terms of the condition. In the first clause the expressly named condition is payment, though the time is not here mentioned. The phrase, as to signifying the intention within four months, which occasions all the trouble, seems to have been inserted parenthetically. At any rate it apparently occupies a subor-

dinate position, if it is to be considered any part of the condition. But if the fact that the testator deemed it important to insert such a direction naturally occasions doubt as to its effect when considering the first clause by itself, the light thrown upon the meaning of the testator by the last clause would seem to make it manifest that he regarded payment as the substantial and controlling part of the condition. He makes no provision in the will at all predicated on the giving of the notice or on the failure to give it, but at the same time takes pains to specify with great precision to whom and in what proportions the land is bequeathed in the event of his son's failing to make payment to his sisters of the sums mentioned within one year In such case, says the will, "the within described real estate shall be equally divided between said Norman S. Gridley and said named sisters."

Had the testator intended this provision as mere security for his daughters, for the obligation incurred by his son's signifying his intention to take the land and pay the money, or had he supposed it was to fix irrevocably the rights of the parties, it seems to us he would have used very different language.

We may infer from all the provisions of the will that the testator had a homestead which he valued at about two thousand dollars, which he desired to leave for the equal pecuniary benefit of his son and three daughters, and that they should have equal shares in it, either by division and distribution, or by the payment of an equivalent in money. He would naturally desire that his son, bearing his name, should become owner and occupier of the entire homestead, and we may presume the son also would so desire; and at the same time the daughters, all having married, would prefer their portion in money. In making his will, therefore, he provided that if his son would pay to each of the three daughters five hundred dollars within one year he might have the property, otherwise it was to be equally divided; and considering that an early notice of his son's purpose would be desirable, it was incidentally mentioned.

But at the same time knowing (as we may suppose) some

of the difficulties his son might experience in attempting to raise three-fourths of the value of the entire property in money, he seems to have anticipated and provided for the state of facts which actually occurred after his death, that is, that the son, eager to own the old homestead, might within four months give notice of his intention to take it, and yet at the end of eight months more find himself unable to raise the money or make the payment required; and therefore he took pains to say that, in such event, each daughter should receive in land what his son had failed to pay in money.

If it should be suggested that the foregoing construction of the will fails to give sufficient force and effect to the clause as to signifying the intention, we reply that the result in this case would be the same if the defendant's right to the land was dependent on two conditions, namely, signifying his intention within four months, and actually paying the money within one year. All that we need insist upon is that the latter is one indispensable part of the condition. But whether the defendant could have held the land if he had tendered payment, without having first given the notice, we have no occasion to decide.

A new trial is advised.

In this opinion PARDEE and GRANGER, Js., concurred; PARK, C. J., and CARPENTER, J., dissented.