ELIZA S. FOOTE *vs.* CHESTER A. BROWN ET AL.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 4053 of the General Statutes, originally enacted in 1893, permits any person claiming title to real estate, or any interest therein, to bring an action against any one who claims to own the same or any part thereof, or to have any interest in or lien thereon, adverse to the plaintiff, for the purpose of determining such adverse interests or claims and of quieting and settling the title to the property. *Held* that the statute ought to be construed in the light of the evil it was intended to remedy, and that so construed it was limited in its scope and application to injuries for which the existing methods of procedure furnished no plain and adequate redress; and therefore a plaintiff could not properly resort to the statutory mode of redress for an injury for which the common law action of ejectment or trespass afforded an appropriate and efficient remedy.

The meaning and legal effect of the statute, the nature of the action authorized by it, and the manner of pleading and practice to be followed in proceedings under it, stated and explained.

In the present case the plaintiff was the owner and in possession of certain land, upon which the defendants unlawfully entered and placed a building which they continued to occupy. The complaint asked that each defendant might be required to state the nature and extent of his interest in the land and the source through which the same was derived, that judgment might be rendered settling the title, and also for possession of the premises and $300 damages. *Held* that the trial court erred in ruling—against the contention of the defendants—that such action fell within the scope of the statute.

In a proceeding under this statute no judgment for costs can be rendered against a defendant who has in his answer disclaimed all interest in the land, nor is the court justified in rendering a judgment for possession and damages as if the action were one of ejectment at common law.

Argued October 24th—decided December 15th, 1905.

ACTION under § 4053 of the General Statutes to settle the title to real estate, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled (*Ralph Wheeler, J.*) and the cause was afterward tried

to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and judgment reversed.*

The plaintiff, under the will of her husband who died in 1878, had a freehold estate in a small bit of land bounded by the sea. The defendants entered upon this land, occupied the same, built a boat-house thereon, and thereafter continued in occupation of the land. The plaintiff, claiming this entry and occupation to be wrongful, sought redress by an action which is set forth in the complaint as follows: " 1. That she has an interest in certain land in said town of Guilford (describing the land), which land is a part of the estate of the said George A. Foote. 2. Her interest in said land is the right to lease the same, and enjoy the rents and income thereof, pursuant to the will of her late husband, the said George A. Foote. 3. Said defendants, Chester A. Brown and James Garfield Brown, have wrongfully entered on said land, placed a building thereon, claiming some interest or estate in said land adverse to the plaintiff, and continue in the occupation thereof. 4. Said land is worth $1,000. The plaintiff claims: (1) that each defendant be required to state the nature and extent of his interest in said land, and the source through which the same was derived ; (2) judgment settling the title ; (3) judgment for the possession of said premises ; (4) $300 damages."

A demurrer to the complaint was overruled (*Ralph Wheeler, J.*). The defendants filed separate answers. Each answer denied the first three paragraphs of the complaint, but the answer of the defendant Chester A. Brown contained also a disclaimer of all estate or interest in the land described in the complaint ; and that of James G. Brown stated the denial of the third paragraph of the complaint in the form of an allegation that the land described was common land belonging to the town of Guilford, and that said town had authorized him to place a building on said land and occupy the same, and that in pursuance of said authority, and not otherwise, he had occupied said land ; and further alleges that his interest and occupation of said land is not adverse

to any title, interest, or claim that the plaintiff may have in said land.

The case was tried to the court upon the issues raised by these pleadings. The court (*Robinson, J.*) made a finding, from which it appears that the following facts were found: 1. The land was not common land belonging to the town of Guilford, but was included in a farm belonging to the plaintiff's husband at the time of his death. 2. At the time of the entry by the defendants the plaintiff was in possession of the land in pursuance of a valid title in her. 3. The defendants made wrongful entry upon the land, placed a building thereon, and have ever since continued in occupancy of said land. 4. Neither of the defendants has any title, right or interest in the land. The court thereupon rendered judgment for the plaintiff. The judgment describes the action as claiming judgment settling the title to the land described; possession of said land; and $300 damages. It then states that the court finds the issues for the plaintiff, and finds the facts as follows—reciting the facts substantially as above stated, with the additional fact that the plaintiff is entitled to nominal damages in the sum of $5. The judgment then proceeds: " Whereupon it is adjudged that the defendants deliver to the plaintiff possession of said premises, and that the plaintiff recover of the defendants five dollars ($5) damages, and her costs."

The material errors assigned in the appeal are: In overruling the demurrer; in treating this case as an action of ejectment and not one of quieting title to said premises; in refusing to grant costs to the defendant Chester A. Brown upon his filing a disclaimer; in holding that under § 4053 of the General Statutes the plaintiff could maintain an action of ejectment and recover possession of the premises and money damages; in holding that the complaint sets forth an action of ejectment.

*Robert C. Stoddard*, for the appellants (defendants).

*Henry C. White*, for the appellee (plaintiff).

HAMERSLEY, J. The disposition of this appeal depends upon the meaning and legal effect of § 4053 of the General Statutes ; this section contains unchanged the provisions of " An Act concerning Civil Actions," passed in 1893 (Public Acts of 1893, p. 237, Chap. 66). The terms and language of the Act are suggestive of doubt as to its meaning in some particulars, and in ascertaining its meaning, where thus doubtful, the Act should be read in view of the evil it was passed to remedy. What this evil was had been shortly before brought to public attention by certain opinions delivered by this court.

In 1890, one Ernest Strong Miles, who was in possession of certain land devised to him by the will of Selah Strong (who died in 1879), conveyed said land to his father, Samuel A. Miles, in trust for purposes specified in the deed. The entire estate of Selah Strong had, in 1882, been duly distributed to the devisees, and the estate had then been finally settled. When Samuel Miles attempted to sell the land conveyed to him in trust, he found himself hindered in making a sale, by reason of certain claims of heirs of Selah Strong, that the land devised to Ernest Miles was not thereby vested in him absolutely, but that these heirs had a remainder interest contingent upon the happening of events named in the will. Whether or not Ernest Miles, when he executed the trust deed, had an absolute estate in the land conveyed, depended on the meaning expressed by the language of the will independently of extrinsic circumstances. For the purpose of obtaining a judicial construction of this language so that he might be able to make a sale beneficial to his *cestui que trust*, Samuel Miles, who was also executor of the will, brought an action as such executor for the construction of the will. We held that upon these facts an executor could not maintain such an action, and the complaint was dismissed. *Miles* v. *Strong*, 60 Conn. 393.

Immediately afterward, Samuel Miles, as trustee under the deed above mentioned, and Ernest Miles brought an action for quieting the title of said Ernest or his grantee, stating in the complaint the facts above mentioned. We held

that the real question between the parties, as stated in the complaint, related wholly to the legal title to land, involving only legal questions, and as such the defendants were entitled to litigate them in a trial at law; and that under our practice an action in equity for that purpose could not be maintained, and the complaint was accordingly dismissed. *Miles* v. *Strong*, 62 Conn. 95.

As a result of these decisions, it appeared that an owner in possession of land was prevented from making a beneficial sale thereof by claims of others to a contingent remainder interest in the land, that the validity of these claims depended solely on the legal effect of language used in a will, that the owner could not have this question determined in a court of equity, because it was solely a legal question relating to the title to land, and being in possession he could not compel a trial at law until the claimants should see fit to assert their claim through a legal action or some illegal act, and that in the meantime there was no redress for the injury to his property rights caused by the existence of these claims. We recognized in our opinion the force of the dilemma in which an owner of land under such circumstances was placed, and indicated that it arose from the fact that such actual, present damage did not constitute, under our common law and existing statutes, a present legal injury. Immediately after the rendition of this decision had called attention to this state of our law in reference to such damage, the Act of 1893 was passed. The Act provided that it should take effect from its passage, and the day after it went into effect Samuel and Ernest Miles, plaintiffs in the last mentioned action, commenced an action in pursuance of the new Act, stating in their complaint substantially the same facts alleged in their prior complaint, and upon this action we held, in effect, that the present damage caused the plaintiffs by existing claims adverse to their ownership in fee simple of the land, which before the passage of the Act was practically *damnum absque injuria*, had become, through the operation of the Act, a legal injury, for which they were entitled to redress through a judgment settling the title in

them as against the defendants. It seems to us apparent that this Act was passed for the purpose of remedying an evil such as that disclosed by the decisions above mentioned, and that, as we have before said, it was evidently intended to provide a remedy for such a wrong and hardship as that thus disclosed, for which there was under the previously-existing law no plain and adequate remedy. *Miles* v. *Strong*, 68 Conn. 273, 288. This evident intent and purpose of the legislature in passing the Act must be an influential element in determining its meaning and legal effect as expressed in the language used.

In *Miles* v. *Strong*, 68 Conn. 273, 287, we said that the Act was in some respects very loosely and carelessly drawn and might require amendment, but that its purpose was tolerably clear, and that effect ought to be given to its provisions. The Act has now remained unchanged for twelve years. There has been misconception as to its scope, and abuse as to its application. The exigencies of the present case justify, and indeed require, such a definite construction of the Act in respect to the questions involved as will serve the purpose of its enactment and give reasonable effect to its provisions. Since the last-mentioned decision in *Miles* v. *Strong*, several actions brought upon this statute have been before us on appeal. The case of *Lawlor* v. *Holohan*, 70 Conn. 87, was similar to that of *Miles* v. *Strong*. The plaintiff, in possession as owner in fee, brought an action against the defendant claiming to own a contingent remainder, praying for an adjudication of these conflicting claims. In *Curtis* v. *Lewis*, 74 Conn. 367, 368, the action was in reality brought by the receiver of an insolvent estate to set aside a mortgage deed as fraudulent and void as against creditors. Upon the pleadings and finding of facts by committee, it was reserved for the advice of this court. No question as to pleading was raised. In the opinion we say: " The pleadings in this action are unnecessarily framed for the purpose of taking advantage of the provisions of ' An Act concerning Civil Actions ' (Public Acts of 1893, Chap. 66, p. 237), and for this reason the real cause of action is not set forth

in the complaint and no material issue is raised by the answer. The reply alleges the cause of action, and the rejoinder serves the purpose of an answer." In *Cahill* v. *Cahill*, 76 Conn. 542, 548, the complaint stated facts showing that the controversy was one concerning title to land, the plaintiffs being out of possession and claiming title as heirs of one party, and the defendants who were in possession claiming title as devisees of another. The defendants filed a plea in abatement alleging the pendency of another suit, to wit, an action of ejectment between the same parties for the same cause of action. In sustaining this plea in abatement we said: "If under any circumstances one who has been dispossessed may bring an action under § 4053 for the purpose of having his title determined as against his disseisors, he cannot properly do so while another suit in the nature of an action of ejectment to try the title to the same land is pending in the same jurisdiction between the same parties." In *Layton* v. *Bailey*, 77 Conn. 22, 30, the pleadings subsequent to the complaint showed that in substance this was an action of ejectment, brought by an alleged owner out of possession against the person in possession. In refusing to reverse the judgment of the trial court on account of the errors assigned, we avoided deciding whether or not a cause of action which is in substance an action of ejectment is properly stated in a complaint framed to meet the requirements of the special equitable remedy provided by § 4053, because the parties had not raised that question in the case; and we intentionally left open the question whether the conflicting claims to the ownership of land can properly be tried in an action brought under that section by an owner out of possession against his alleged disseisor. In *Dawson* v. *Orange*, 78 Conn. 96, the plaintiff claimed to be the owner and in possession of a narrow strip of land, and alleged that the defendant claimed to own an interest in that land adverse to the plaintiff. The defendant, in its statement of claim, described substantially three claims, viz: that as a town corporation it owned the land described; that the land was a public highway; that the land was a public beach.

We held that § 4053 authorized an action only against claimants to the ownership of a property interest in the land, and that a town as such did not own land within its limits used as a highway or as a public beach, by reason of its appropriation to such public use, and therefore the validity of the two last-mentioned claims could not be tried in this action, and the claims were properly expunged. We also held that when in this statutory action, an owner in possession of land seeks to try the validity of his title as against one out of possession claiming ownership, the issue thus presented is in its nature one arising upon legal as distinguished from equitable claims, and that such an issue in that case was properly tried to the jury.

Upon a careful study of the circumstances attending the passage of the Act of 1893, of the terms and provisions of the Act itself, and of the effect of our former decisions, we have reached the following conclusions as to the construction and meaning of § 4053 in respect to the particulars involved in the appeal now before us.

The legislature found a defect in the existing law, whether substantive law or procedure, or both, in that an owner of real property might suffer actual damage to his property rights through adverse claims of interest in the same property advanced by others, and yet had no adequate remedy at law or in equity for the redress of that damage as a legal injury. The Act provides a remedy for that evil through the creation of a statutory equitable action in which all persons claiming such adverse interest may be made defendants, securing, however, to the parties a trial by jury of issues of fact which might properly arise in the action as incident to the equitable relief sought, but which are in their nature such as should entitle the parties to a jury trial. The action authorized by the statute implies an ownership of land or some interest therein by the plaintiff; a claim by the defendant of ownership of some interest in the same land, adverse to the plaintiff's title, of such a nature that the defendant under the formerly-existing law could not, or might refuse to, bring it to the test of trial, and the judicial settlement of

which the plaintiff cannot compel except through the statutory action; and a damage to the plaintiff's property rights necessarily incident to such a state of things. The statement of the cause of action in the complaint and the subsequent pleadings should be in accordance with the principle of plain, direct and truthful statement which underlies the Practice Act; and may follow the analogies, so far as they exist, to the manner of statement in an ordinary civil action. The essentials of a complaint are a statement of the plaintiff's ownership in the land described and of his title thereto, and a statement that the defendant claims to have an interest in the same land adverse to the plaintiff. The complaint may also properly state the claim, if known to the plaintiff, made by the defendant, and if it appears clearly from such a complaint that the plaintiff has adequate remedy through an ordinary action, it is demurrable. The statutory relief is equitable, and consists in a judgment quieting and settling the title to the land through a determination of the questions and disputes properly submitted to trial by the pleadings. A claim that the defendant be required to state the nature of his interests, etc., cannot properly be included in the prayer for relief. Any obligation of the defendant in this respect is determined by the requirements of the statute relating to his answer. Where the defendant has made no claim, he may deny the plaintiff's allegation that he claims an adverse interest, but ordinarily in such case he would answer by disclaiming any interest. Where the complaint states truly the plaintiff's ownership and the defendant's claim based on admitted facts showing the nature and extent of his title, the defendant's answer should simply admit the allegations of the complaint, and thereupon the question of law determinative of the conflicting claims of title would be in issue. In other cases the defendant must comply with the statute in stating the nature of the interest which he claims. This statement by itself puts nothing in issue; coupled with a denial of the plaintiff's allegation of ownership it puts the plaintiff to his proof or to a reply. The statement of claim may be coupled in the answer with a denial of the plaintiff's

statement, or with such denial and affirmative statements proper to explain the denial or setting forth new matter. The duty of the parties in all cases is to state as simply and plainly as possible the material facts, which, being admitted or found by the court, the court may lawfully render judgment settling the title as between plaintiff and defendant.

Applying these conclusions as to the construction and meaning of § 4053 to the present case, it is palpable from the complaint, subsequent pleadings and all the proceedings in the trial, that the plaintiff's cause of action was one not included within the scope of § 4053. She had been an owner of land in possesssion. Her grievance against the defendants was an unlawful entry and occupation of her land. Her redress was possession and damages, and her remedy an action at law. The judgment of the trial court is plainly based on an erroneous view of the law. This case is not strictly analogous to one where the plaintiff in attempting to state one cause of action includes in the complaint certain allegations which, separated from the others, may substantially, although informally and inaccurately, set forth another cause of action, and the defendant, waiving the irregularities and defects of form, denies such allegations, and upon the trial both parties claim a judgment appropriate to the issues thus joined, and a just judgment is thereupon rendered. In such a case we might properly refuse to set aside the judgment; substantial justice has been done, and in the absence of exceptions during the trial the parties should not be permitted to challenge the judgment. Here, exception was taken during the trial; the action was admittedly brought under § 4053, and was so treated by the parties and the court; one defendant claimed that judgment for costs could not be rendered against him, and both defendants claimed that § 4053 did not authorize the court to render judgment for possession, or for money damages in favor of the plaintiff. Under such circumstances we cannot say that the judgment was rendered in pursuance of the request of the parties, and upon a voluntary submission by them of their controversies to the court for the purpose of obtaining such a judgment. The

defendants, in specifying their grounds of demurrer, covered a general claim that the facts alleged in the complaint were insufficient in law to support the action against them. The demurrer in this respect was too general, and the plaintiff might properly have declined to argue, and the trial court might properly have declined to decide, whether or not the complaint stated a cause of action within the scope of § 4053. But this course was not followed. The court in overruling the demurrer plainly holds that the complaint sufficiently states the statutory action, and for this reason overrules the demurrer, and this action of the court was accepted by the parties as determining the plaintiff's action to be one under the statute, and all further proceedings in the trial were controlled by this decision upon the demurrer. Under these circumstances we think the defendant's assignment of error, that the court erred in overruling the demurrer to the complaint, is well taken. Treating the action as one under the statute, the court erred in rendering judgment for costs against the defendant who disclaimed all interest in the land, and erred in holding that § 4053 authorizes the court in that statutory action to try the common-law action of ejectment, and to render judgment, appropriate to that action, for possession and money damages.

No claim can be made in this case that, by reason of the pleadings subsequent to the complaint and by the conduct of the parties, there has been an abandonment of the statutory action, and issues have been framed in an action of ejectment which the parties have voluntarily submitted to the determination of the court, and therefore its judgment upon those issues should not be set aside. From first to last the parties and the court have treated this action as the statutory one.

Several States have enacted statutes more or less similar in substance or form to § 4053. The courts of some of these States have treated the particular statute under discussion as a mere enlargement of common law equity jurisdiction; and such statute has been treated by courts of other States as providing for a statutory action controlled in its scope

and procedure by the provisions of the statute. These differences are due mainly, if not wholly, to differences in the statutes under discussion and in the existing law of the States enacting them. Where the statute has been treated as providing a statutory action, the decisions relating to its construction necessarily depend upon the provisions of each statute and the law and practice of the enacting State. We have, therefore, in reaching our conclusions as to the meaning and effect of § 4053, been deprived of that direct aid which might be derived from decisions in other jurisdictions, if the questions involved depended merely upon the applicacation of general principles of equity jurisdiction. In *Jersey City* v. *Lembeck*, 31 N. J. Eq. 255, the court comments on a condition somewhat analogous to that which led to the passage of our Act of 1893, and seems to assume that the evident purpose of the New Jersey Act under discussion was not to provide an additional remedy for an existing ground of action, but rather to establish or recognize a ground of action not before existing, and to provide for this new legal injury a special statutory remedy, and holds that this inducing purpose of the Act should control its meaning and limit its operation.

There is error, the judgment of the Superior Court is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.