# THE HARTFORD-CONNECTICUT TRUST COMPANY *vs.* LINDSAY B. CAMBELL ET AL.

First Judicial District, Hartford, October Term, 1920.

WHEELER, C. J., BEACH, CASE, CURTIS and KEELER, Js.

The complaint in a suit to quiet and settle the title to real estate under General Statutes, § 5113, cannot properly include a prayer that the defendant be required to set forth the nature of his interest in or claim to the property; for any obligation of the defendant in this respect is determined by the provisions of the statute relating to his answer. If the defendant has made no adverse claim, he may deny the plaintiff's averment to that effect, but ordinarily in such case he would answer by disclaiming any interest.

There is no occasion for a defendant to set forth his claim to the property at length in his answer, where all the facts, including those showing the nature and extent of his claim, have already been detailed in the complaint; under such circumstances he should simply admit the truth of these allegations and thus raise the issues of law determinative of the conflicting claims of the parties.

In the present case the trial court sustained a demurrer to the defendant's answer because it did not particularly set forth his adverse claim. *Held* that inasmuch as the plaintiff had already done this in its complaint, there was no reason for repeating these averments in the answer; and therefore the demurrer should have been overruled.

Allegations of an answer that are obviously repetitions of those in the complaint, should be stricken out upon motion.

Allegations of an answer tending to show that the trustees of the plaintiff company did in fact, though not by formal action, approve a sale of certain real estate to the defendant, as required by the contract, are not demurrable as immaterial.

The plaintiff, as administrator, and the defendant Cope individually,

being the owners in common of certain real estate near the business center of Hartford, agreed in writing with the defendant Cambell to sell and convey it to him for a stated price, $100 of which they received forthwith. The writing prescribed how the balance of the purchase price should be paid and how it should be divided between the owners; that the taxes, insurance and rents should be adjusted as of the date of the transfer, which was to be effected by a warranty deed from Cope and an administrator's deed from the plaintiff, the sale being "subject to the order of the Probate Court and to the approval of the trustees" of the plaintiff. *Held:*—

1. That the agreement was entire and indivisible, and not a separate agreement upon the part of each owner to convey his or its individual interest to the purchaser independently of the other.

2. That the order of the Court of Probate and the approval of the plaintiff's trustees, were conditions precedent to the taking effect of the agreement.

3. That inasmuch as no time was specified in the writing for the performance of these conditions, the law would assume that the parties intended them to be fulfilled within a reasonable time.

4. That the trustees' approval need not be by a formal vote, but might be evidenced by conduct and acts from which the law would infer an intent to approve.

5. That the fair construction of the defendant's answer before it had been emasculated on demurrer, was an allegation of approval to be inferred from the acts and conduct of the plaintiff as therein set forth.

6. That if the question of a reasonable time were to be decided upon the facts thus far disclosed, this court would feel obliged to hold, as matter of law, that two months was a reasonable time for the plaintiff's trustees to approve or disapprove of the sale; but that inasmuch as the plaintiff had not had an opportunity to reply to the allegations of the amended answer, the case must be remanded for further proceedings.

Argued October 5th—decided November 10th, 1920.

SUIT to quiet and determine the title to real estate, brought to and tried by the Superior Court in Hartford County, *Maltbie, J.,* upon demurrer to the answer and cross-complaint of the defendant Cambell; the court sustained the demurrer, found the issues for the plaintiff, and adjudged that the plaintiff and the defendant John Cope, as tenants in common, had an absolute title in fee simple to the land, and from this judgment

the defendant Cambell appealed. *Error, judgment set aside and cause remanded.*

*Josiah H. Peck,* with whom was *Thomas J. Conroy,* for the appellant (defendant Cambell).

*Arthur Perkins,* for the appellee (plaintiff).

*Abraham S. Bordon,* for the appellee (defendant Cope).

WHEELER, C. J. The complaint is brought under General Statutes, § 5113, to determine defendant Cambell's adverse claim to number 117 Market Street, Hartford, which it alleges is owned in common by plaintiff and defendant Cope, and to quiet and settle the title to the same.

Cambell's claim is alleged to have arisen under a written agreement of sale by which, fairly construed, the plaintiff and Cope agree to sell to the defendant Cambell these premises for $10,000, payable, $100 upon execution of agreement, and the balance, $3,900 in cash, the assumption of a first mortgage of $3,000 and a second mortgage to Cope of $3,000, upon tender of a warranty deed by Cope and an administrator's deed by plaintiff. The agreement further provides that from the $10,000, Cope was to receive $500 in cash and the second mortgage of $3,000, and the plaintiff $3,500 in cash; that taxes and other details were to be adjusted as of date of deed, "the sale being made in behalf of the estate of George Cope subject to the order of the Probate Court and to the approval of the trustees" of the plaintiff.

The complaint further alleges that the plaintiff was in fact, prior to date of this complaint, authorized by the Court of Probate to sell these premises, but the trustees of plaintiff refused to approve of the sale and

have never so approved; that on January 19th, 1920, defendant Cambell duly caused to be recorded his copy of the agreement in the land records of Hartford, claiming an interest in these premises under this agreement; that on January 21st, 1920, plaintiff tendered defendant Cambell the $100 paid on the purchase price at making of the agreement, and requested a release of the interest he claimed in these premises, but Cambell refused to accept this sum or deliver such release. Thereupon the plaintiff brought this action.

The record presents a number of departures from the settled practice in actions brought under this statute. We note at this point two. Prayers for relief one and two require the defendants, Cambell and Cope, to state by answer their claim, if any. Reference to General Statutes, § 5113, will disclose that such prayers for relief are out of place in a complaint under this statute.

In *Foote* v. *Brown*, 78 Conn. 369, 377, 62 Atl. 667, we construed this Act, stated the essentials of a complaint under it, and outlined the subsequent procedure with great particularity. It was there said: "A claim that the defendant be required to state the nature of his interests, etc., cannot properly be included in the prayer for relief. Any obligation of the defendant in this respect is determined by the requirements of the statute relating to his answer. Where the defendant has made no claim, he may deny the plaintiff's allegation that he claims an adverse interest, but ordinarily in such case he would answer by disclaiming any interest." The answer of Cambell admitted six paragraphs of the complaint and left plaintiff to its proof of the remaining paragraph. The plaintiff company demurred to the answer because defendant Cambell had not particularly set forth his adverse claim. Cambell was not required to set forth his claim at length;

the complaint had done this, and Cambell's admission and partial denial satisfies the requirements of pleading under this statute. "Where the complaint states truly the plaintiff's ownership and defendant's claim based on admitted facts showing the nature and extent of his title, the defendant's answer should simply admit the allegations of the complaint, and thereupon the question of law determinative of the conflicting claims of title would be in issue. In other cases the defendant must comply with the statute in stating the nature of the interest which he claims." *Foote* v. *Brown*, 78 Conn. 369, 377, 62 Atl. 667.

After the demurrers of plaintiff and Cope to the answer and cross-complaint of Cambell had been sustained, he filed a paper denominated "Amended Answer and Cross-complaint." The amended answer admitted five of the paragraphs of the complaint and part of another paragraph, and then sets forth what purports to be a detailed statement of Cambell's claim. The plaintiff moved to strike out paragraphs three, four and five of this answer, because similar allegations were alleged in the complaint and admitted. The motion was denied. It should have been granted: the allegations are obviously repetitions of those in the complaint.

The plaintiff demurred to the remaining allegations of this answer, because immaterial. These allegations, that Cambell was, up to January 20th, 1920, ready to carry out the agreement and repeatedly so informed plaintiff, and plaintiff repeatedly informed Cambell that it was ready to carry out the agreement and that the delay was due to the refusal of the widow of George Cope, its intestate, to approve, and because of differences between her and defendant Cope; that the market value of this property between August 25th, 1919, and January 20th, 1920, had greatly increased; that plaintiff never informed Cambell of its refusal to approve except

by service of the writ herein, and did not disapprove within a reasonable time, and did not notify Cambell of its approval or disapproval within a reasonable time, —were all admissible facts, helpful in deciding whether the plaintiff acted reasonably or not. Considered in connection with the admitted allegations of the complaint, these allegations should not be held to be immaterial. The allegation of paragraph seven, that on or about November 1st, 1919, Cambell proposed a rescission of the agreement and a return of the $100 to him, and that plaintiff refused, is one which would have an important bearing upon whether the plaintiff had by its conduct acquiesced in the terms of this agreement.

Cope demurred to the cross-complaint but not to the answer. His demurrer to the amended answer was overruled, and hence this decision forms no part of the appeal. The amended demurrer of Cope to the amended answer, demurs to the same paragraphs that the plaintiff does, because the same are immaterial. The demurrer was improperly sustained. So that upon the demurrers of plaintiff and Cope to the answer and amended answer, the only rulings forming a part of the appeal are those sustaining the demurrer to these paragraphs of the amended answer as immaterial.

The plaintiff and Cope demur to the cross-complaint, because the agreement of Cope and Cambell was indivisible. This demurrer was sustained. This was the correct construction of this agreement. We see nothing in the agreement which indicates a divisible agreement, one part to be performed by the plaintiff and one by Cope. The mere fact that Cope takes his half of the consideration in one form of payment and the plaintiff in another, does not divide the subject of the agreement or the terms of the sale. Nor is the fact that the administrator agrees to give an administrator's deed and

Cope a warranty deed, of any significance. These were the usual forms of deeds for grantors in such relation to give. The substantial parts of the agreement are interdependent and common to each other. "As a general rule, it may be said that a contract is entire, when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration shall be common each to the other, and 'interdependent.' On the other hand, it is the general rule that a severable contract is one in its nature and purpose susceptible of division and apportionment." *Pacific Timber Co.* v. *Iowa Windmill & Pump Co.*, 135 Iowa, 308, 310, 112 N. W. 771. The determinative test is in ascertaining from the language used, read in the light of the surrounding circumstances, what was the intention of the parties. *Loud* v. *Pomona Land & Water Co.*, 153 U. S. 564, 14 Sup. Ct. 928.

By the test of the authorities this agreement is not severable; on the contrary, its purpose unmistakably indicates that its parts and its consideration are common to each other and interdependent. The parties intended a sale of these premises in their entirety, subject to the approval, as expressed, of the Court of Probate and the trustees of the plaintiff that the whole of the title and not a part should be conveyed.

The plaintiff and defendant Cope further demur to the cross-complaint because it does not allege an offer or tender of full performance by Cambell. This cause of demurrer was sustained. The ruling was wrong. The cross-complaint, as we read it, does allege such offer.

Cope demurred to the amended answer and cross-complaint because the agreement was subject to the order of the Court of Probate and to the approval of the plaintiff, and it was not alleged that the trustees of plaintiff approved of the agreement. This ground

of demurrer was sustained. The ruling was erroneous. There was no need to make such allegation; it was sufficient if the facts alleged disclosed a course of conduct which constituted in law such approval.

The plaintiff by its demurrer and Cope by his amended demurrer, demurred to seven paragraphs of the cross-complaint as immaterial. These paragraphs are identical with those in the amended answer demurred to for the same reason, and this demurrer was sustained. This ruling, as we have already pointed out, was wrong.

The plaintiff demurred to the cross-complaint dated March 31st, on the ground that as § 5113 of the General Statutes does not permit its filing, it was unnecessary. The demurrer was overruled and rightly. The remedy of this statute does contemplate the filing of a cross-complaint in some cases by a defendant and the securing of affirmative relief by him. Such procedure avoids circuity of action and upholds the spirit of the Practice Act.

Cope demurred to the cross-complaint of May 17th, upon the ground stated in his first demurrer to the amended answer and cross-complaint. This demurrer was sustained wrongly, as we stated in passing upon the first demurrer of Cope.

Both parties assume that the appeal raises two questions: (1) that this agreement was indivisible, and (2) that it never came into effect because it was "made in behalf of the estate of George Cope subject to the order of the Probate Court and to the approval of the trustees of the Hartford-Connecticut Trust Company, administrator of the estate of George Cope," and that it nowhere appears that they approved the sale.

The first question we have discussed; the second we have also considered, but as it may be the subject of further consideration upon the new trial, we shall state

the reasons for our conclusion that this allegation was not necessary. The order of the Court of Probate and the approval of the trustees were conditions to be fulfilled, precedent to the agreement taking effect. Since no time is specified for the performance of these conditions, the law supplies this omission upon the assumption that the parties intended performance to be within a reasonable time. The fair reading of the agreement imposes upon the trustees the duty to approve or disapprove of the agreement within a reasonable time. This approval need not be by formal vote, as the plaintiff argues, but may be evidenced by conduct and acts from which the law would infer that the trustees by their conduct and acts intended to approve. Since there is no express allegation of formal approval either by vote or in writing, the fair construction of the amended answer is that the allegation of approval was a conclusion drawn from the acts and conduct pleaded. Turning to this answer in the form in which it was drawn, and before the demurrer had emasculated it, we find the allegations that from the execution of the contract on August 25th down to the succeeding January 20th, Cambell had repeatedly informed plaintiff and Cope of his willingness and ability to perform the obligations imposed by the agreement upon him, and offered to make such performance; and that during this period he was willing and able to carry out its terms. On November 1st, two months and more after the execution of the agreement, Cambell proposed to the plaintiff that the agreement be rescinded and the $100, paid on account of the purchase price at the execution of the agreement, be returned, but the plaintiff refused. This property was located in a section of Hartford where market values were greatly advancing and where the real-estate market was very active. If the question were to be decided upon the facts, as they appear thus

far, it must be held as matter of law that two months was a reasonable time for the plaintiff to approve or disapprove.  In duty bound to make its decision, the plaintiff refused to then rescind the agreement or to return the money Cambell had paid on the purchase price.  The retention of this money under these circumstances and the refusal to rescind the agreement, would, unless there be other facts surrounding this transaction which changed its legal significance, constitute in law an approval of the agreement and make it incumbent upon the plaintiff to complete the sale according to the terms of the agreement.  We do not order judgment, for the reason that the plaintiff has never had an opportunity to reply to the facts of the amended answer, and it is possible that such reply may put the transaction in new light.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.