JAMES H. KANE ET AL. *vs.* WILLIAM F. KANE,
EXECUTOR, ET ALS.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A finding of facts should not recite the testimony of a witness or
excerpts from it.

An admission by one co-executor is not conclusive, but is open to
challenge by the other.

After bequeathing $50,000 and the life use of one third of the
residue of his estate to his wife, the testator in the present case
divided the remainder equally among his seven children with
the further provision that three of his sons, who had been
actively associated with him in the brick business and each of
whom already owned one hundred shares of stock in the cor-
poration through which it was conducted, should have the privi-
lege of purchasing from his estate the remaining seven hundred
shares at a stated price, to be paid for, if they desired, by five-
year notes and by effecting an exchange, and an application
upon the purchase price, of the property to which they were
entitled under the residuary clause, "it being understood that
they are to have six months after my death to determine
whether or not they desire to purchase said stock." One of these
sons, William, and the wife, were executors of the estate and
both knew, even before a paper to that effect was signed and
delivered to William and read by him to his mother during
the sixth month after the testator's death, that the three sons
intended to exercise the privilege; but owing to delays caused
by opposition of the wife and the institution by her and the
other children of proceedings in the Court of Probate, the sons
did not execute and deliver to William the notes provided for
in the will until five months later, at which time the other
children, claiming that the sons had not exercised their privi-
lege within the time prescribed, brought the present suit to
restrain the transfer to them of the shares of stock. *Held:*

1. That, construed in the light of the testator's intent as evidenced
by the language used and the relevant surrounding circumstances,
the provision creating the privilege required the sons to make
their decision whether or not to accept it within the period of
six months after the testator's death, and allowed them a rea-
sonable time thereafter within which to make or tender payment.

2. That the sons had fulfilled these conditions and were entitled
to a transfer of the stock.

3. That a delivery of the notes to one executor was a delivery to both.

Argued May 5th—decided June 14th, 1928.

SUIT for an injunction restraining the transfer of shares of stock belonging to the estate of Michael Kane, late of Hartford, deceased, brought to the Superior Court in Hartford County, where a temporary injunction was issued (*Jennings, J.*) and later dissolved (*Simpson, J.*) and from the judgment rendered thereon the plaintiffs appealed. *No error.*

*John T. Robinson,* with whom was *Lucius F. Robinson Jr.,* for the appellants (plaintiffs.)

*Hugh M. Alcorn,* for the appellees (defendants William F., T. Robert and M. Joseph Kane).

HINMAN, J. Michael Kane, of Hartford, died December 18th, 1926, and was survived by his widow Mary C. Kane, four sons and three daughters. For many years he was engaged in the manufacture and sale of brick, and for some time prior to 1915 three of the sons, William F. Kane, M. Joseph Kane and T. Robert Kane were associated with him in the business. In 1915 a corporation, The Michael Kane Brick Company, was organized with a capital stock of $100,000, divided into one thousand shares of the par value of $100 each, of which seven hundred shares were issued to Michael Kane and one hundred shares to each of these three sons, who, ever since, were the only members of the family connected with the corporation and, with the exception of one short period of depression in business, devoted all their time to the enterprise and were largely responsible for its success. The other son, James H. Kane, received a professional education at a dental college. He, and the three daughters,

Mrs. Langdon, Mrs. Smith and Mrs. Lowry, are the plaintiffs in this action.

Michael Kane left a will by which, after making several small specific bequests to more distant relatives, he bequeathed to his wife $50,000 and the life use of one third of the remainder of his estate, made the provision contained in the paragraph hereinafter quoted, and devised and bequeathed the remainder of his property to his seven children, share and share alike. The Ninth paragraph reads as follows: "I hereby confirm an agreement already made by me with my three beloved sons, William F. Kane, T. Robert Kane and M. Joseph Kane, whereby they may buy from my estate the seven hundred (700) shares of stock of The Michael Kane Brick Company, a corporation under the laws of the State of Connecticut, and having its principal office and place of business in the town and county of Hartford and State of Connecticut standing of record in my name at an agreed price of one hundred and twenty-five (125) dollars per share, or eighty-seven thousand five hundred (87,500) dollars for the seven hundred (700) shares; it being understood that they are to have six months after my death to determine whether or not they desire to purchase said stock and if they do decide to purchase the same then I direct that if they desire they may pay for it or any portion of it by giving their promissory notes payable not later than five (5) years from the dates thereof, the principal amount of said notes shall bear interest at five per cent per annum. It being understood, however, that an exchange of property inherited from my estate by each of the said three sons will be effected and that the same shall be applied in payment or upon account of said notes as soon as practicable."

Mary C. Kane, the widow, and William F. Kane were named executors of the will, qualified, and are act-

ing as such.  They, as executors, and T. Robert Kane and M. Joseph Kane are named as defendants in this action, but the finding states that, so far as appeared, the complaint and injunction were not served upon Mary C. Kane.

The trial court finds, further, that shortly after the death of Michael Kane the three sons named in paragraph Ninth determined to avail themselves of the opportunity given in this paragraph to buy the stock in accordance therewith, and that this intention was known to Mary C. Kane, executrix, as well as to William F. Kane, her co-executor, who is one of the sons so named.  On June 6th, 1927, these three sons signed a paper, addressed to the executors, reading as follows: "We hereby accept the provision in the Will of Michael Kane allowing us to purchase his 700 shares of stock in the Michael Kane Brick Company at $125 per share, at your convenience."

This paper, in evidence as Exhibit 1, was delivered to William F. Kane, executor, who, on the same day, read or showed it to Mary C. Kane, executrix.  At the time of the reading of the will, shortly after testator's death, and thereafter, Mrs. Kane expressed dissatisfaction with the will and more particularly with paragraph Ninth, and she gave no co-operation, as executrix, in the matter of the purchase and transfer of the stock, but opposed it, and twice refused to join her co-executor in signing a request to the Court of Probate, dated June 23d, 1927, for authority to transfer the shares.  On July 1st, 1927, William F. Kane, upon the advice of the judge of probate, caused Exhibit 1 to be filed in the Court of Probate.  On the same date counsel for plaintiffs wrote a letter to Kane as executor warning him not to transfer the stock.  On or about August 5th plaintiffs brought proceedings in the Court of Probate to prevent such transfer which, after hear-

ing, were dismissed on or about November 23d. The complaint and temporary injunction in the present action were served November 29th. On the same date, William F. Kane, T. Robert Kane and M. Joseph Kane each executed a promissory note dated June 1st, 1927, payable to order of the executors, one for $29,250, purporting to be a payment for two hundred and thirty-four shares of the stock at $125 per share, and each of the others for $29,125 for two hundred and thirty-three shares. Each note was made payable five years after date with interest at the rate of five per cent per annum. These notes were delivered to William F. Kane as executor and he has since held them as payment for the stock and as a part of the assets of the estate.

The trial court reached the conclusions (1) that the defendants, William F. Kane, T. Robert Kane and M. Joseph Kane, under the provisions of paragraph Ninth of the will, had six months after the death of the testator to determine whether they would purchase the stock in accordance with the terms thereof, and, after having so determined, had a reasonable time thereafter to complete the transaction; (2) that, in view of lack of co-operation of Mary C. Kane, the joint executrix, and opposition and interference on the part of the plaintiffs, they did all that might be reasonably expected of them to secure the transfer of the stock, and what they did was done within a reasonable time; and, therefore, (3) that the temporary injunction restraining the transfer of the shares to them should be dissolved.

Refusal to add to the finding a statement that Mrs. Kane, executrix, "admitted" upon the trial that no notice in regard to the purchasing of the stock was given to her within six months after the death of Michael Kane, is made reason of appeal. In response

to the motion the trial court caused it to appear in the record that Mrs. Kane "testified" that she was given no such notice, but the fact was found to the contrary. This statement as to what was testified to ought not to have been inserted in the finding, which should contain only subordinate facts and the conclusions drawn therefrom, not the testimony of a witness or excerpts from the testimony. Moreover, an admission by one co-executor is not conclusive, but is open to challenge by the other representative. 2 Jones on Evidence (2d Ed.) §976; *James & Flack* v. *Hackley,* 16 Johns. (N. Y.) 273, 277; *Crouse* v. *Judson,* 84 N. Y. Supp. 755, 757.

The gist of the appeal on the merits is that the subordinate facts do not support the conclusions, in that the Ninth paragraph of the will conferred a privilege or option which was not effectively exercised within the time limited by its terms and therefore has expired by lapse of time. The result depends upon the proper construction of this paragraph of the will, and this, in turn, is governed by the intention of the testator as ascertained from the language used, considered in the light of the relevant surrounding circumstances. Manifestly, the provision does not constitute, strictly, a bequest of the shares, but, rather, a gift or offer of a right to purchase them at a specified price and upon designated terms and conditions. It obviously contemplated that the three sons who had devoted their time and efforts to the development of the corporate business should, if they wished, receive such benefit as might attend the purchase of the testator's shares at the stated price and on liberal terms as to time of payment, and the subsequent ownership, among them, of all the stock of the corporation. The facts afford ample explanation and justification for such a desire and intention on the part of the testator.

With the exception of this preferential opportunity to the three sons, equality between all the testator's children was provided for.

The provision, "it being understood that they are to have six months after my death to decide whether or not they desire to purchase said stock," gave to these sons an option to make their decision within this period. We do not determine whether it would have given them a reasonable time, after the expiration of the six months, in which to make communication of their decision to the executors, since upon the facts found this provision was amply complied with by both informal and formal notice to both executors, given within the six months' period. No reason is suggested why, as the plaintiffs also claimed on the trial, any notice to or action by the Court of Probate, within the six months, was necessary.

No foundation for the appellants' further contention, that not only must notice be given, but also payment made, or tendered, within six months after testator's death, is afforded by or deducible from the will. The provision that payment should be made by notes payable in five years and bearing interest at five per cent per annum, indicates an intention on the part of the testator to make the terms of payment of sufficient length to enable his sons to carry out his evident desire. The further provision that the sons might apply in payment or upon account of the notes their inheritance from his estate is a clear indication that he did not intend the payment to be made within the six months' period, since he could not have assumed that the estate would be settled prior to the expiration of the period given by law for its settlement, six months, and he must have known that the accomplishment of the exchange of property provided for by him between his sons and his executors would require, in all

probability, some time after the expiration of this period.

In the provision here, unlike that construed in *King* v. *Gridley*, 46 Conn. 555, the time within which the election to accept or reject should be arrived at, and not the time when payment should be made, is to be regarded "as the substantial and controlling part of the condition." The full period of six months was available for such election, and since no time for payment is specified, the implication attaches that it should be made within a reasonable time after the date of the determination. *Hartford-Connecticut Trust Co.* v. *Cambell,* 95 Conn. 399, 407, 111 Atl. 864. The trial court was justified in the conclusion that the notes were made and delivered within such reasonable time, especially in view of the circumstances, disclosed by the finding, that Mrs. Kane, as executrix, refused to join in requesting from the judge of probate the privilege of transferring the stock, and attorneys for the plaintiffs notified the executors that the transfer of this stock would render them personally liable for breach of their administrative duties, that subsequently the plaintiffs petitioned the Court of Probate, praying that the court adjudge that the option had expired and order William F. Kane, executor, to desist from attempting to transfer the stock, and that within six days after this petition was dismissed for lack of jurisdiction the three sons executed the notes and delivered them to William F. Kane, executor.

The rights conferred by the Ninth paragraph, as a whole, became operative and effective upon the determination by the three sons, within the specified time, and the communication of such acceptance to the executors in the manner stated in the finding. Thereupon, these sons were entitled to purchase the stock in accordance therewith. As they have delivered to one

of the executors, which in law is a delivery to both, notes which comply with the requirements of the will in that respect, there is no occasion to consider the further question as to whether if they, after accepting the provisions, refused to complete the purchase, performance on their part could be enforced by the executors.

There is no error.

In this opinion the other judges concurred.