## LOUIS M. RAFFEL
*vs.*
## SYDNEY BRODMAN, ET AL.

Superior Court        New Haven County        File No. 57193

MEMORANDUM FILED DECEMBER 26, 1939.

*Milton G. Harrison,* of New Haven, and *Omar W. Platt,* of Milford, for the Plaintiff.

*Ephraim E. Sinn,* of New Haven, for the Defendants.

Memorandum on demurrer for misjoinder of actions.

MUNGER, J.   The defendants demur to the complaint for misjoinder of actions.   The demurrer is said to be supported by *Foote vs. Brown,* 78 Conn. 369.   I think this claim is well made and that the cited case is in fact decisive of the issue of law raised.

As appears by the first count of the amended complaint the action is an ordinary one of trespass.   Title and possession are alleged to be in the plaintiff and the wrong described is that of an unlawful entry and acts constituting wrongs in the nature of nuisance committed by the defendants upon the plaintiff's land. In this action obviously every right which the plaintiff has can be protected.   The inclusion of the second count is unnecessary.   The allegation of the facts as made in the first count, if they were made in the action to quiet title, there being no other count in the complaint, would of course make such complaint demurrable.

At page 376 in *Foote vs. Brown,* the court says: "The action authorized by the statute implies an ownership of land or some interest therein by the plaintiff; a claim by the defendant of ownership of some interest in the same land, adverse to the plaintiff's title, of such nature that the defendant under the formerly-existing law could not, or might refuse to, bring it to the test of trial, and the judicial settlement of which the plaintiff cannot compel except through the statutory action; and a

damage to the plaintiff's property rights necessarily incident to such a state of things."

On the next page, the court further says: "The complaint may also properly state the claim, if known to the plaintiff, made by the defendant, and if it appears clearly from such a complaint that the plaintiff has adequate remedy through an ordinary action, it is demurrable."

From this case it clearly appears that an action to quiet title brought upon the statute is not properly brought and cannot be maintained where the wrong suffered by the plaintiff as above stated is merely in the nature of a trespass. In such an action of trespass the plaintiff of course is entitled to have all the issues relating to ownership, title and possession and unlawful entry determined by a jury if it so desires.

The demurrer is sustained for the reasons above given.