[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Michael Seifert filed a two-count complaint against Nemeth/Martin Personnel Consulting, Inc. (Nemeth/Martin). In count one, Seifert seeks a declaratory judgment regarding the restrictive covenant portion of his employment agreement, and in count two, he seeks damages for breach of contract. He alleges that on or about May 10, 1995, he signed an employment agreement with Nemeth/Martin, a business that provides the services of computer programers to businesses. Seifert' s title was "Project Manager," and his responsibilities included obtaining contracts on behalf of Nemeth/Martin. On February 5, 1999, he was terminated from his employment.
The original employment agreement, which is included as plaintiff's Exhibit A, contains three relevant clauses. Item three provides for Seifert's compensation package, including "project management fees," similar to commissions, for his contributions to Nemeth/Martin's consulting business. Item five contains a covenant not to compete. On March 23, 1998, he signed an amended employment agreement that expanded the covenant not to compete.
In the first count of his revised complaint, Seifert alleges that he "wished to enter into a business which would be in direct competition with Nemeth/Martin, Inc. He claims that there are actual bona fide and substantial questions and issues in dispute between the parties, and a substantial uncertainty as to their legal relationship growing out of the covenants not to compete as stated.
In the second count, he asserts that he is owed four hundred five thousand five hundred sixty-five dollars and eighteen ($405,565.18) cents in compensation for fees earned prior to termination, and that he is owed ninety-five thousand ($95,000) dollars for certain administrative fees that Nemeth/Martin allegedly deducted from his paycheck, even though the employment agreements do not provide for such deductions. Seifert also seeks legal fees and costs.
In response to Seifert's complaint, Nemeth/Martin has filed a two-count substitute counterclaim. Count one alleges that the defendant has met all of its obligations under the terms of its employment agreement with the plaintiff. Despite the defendant's compliance with all the terms of the parties' agreement, the plaintiff has initiated the instant lawsuit. As a result of the plaintiffs breach of contract, the defendant has suffered monetary damages. Count two claims that the plaintiff has deprived Nemeth/Martin of the benefits to which it is entitled under the agreement. The plaintiffs filing of the instant lawsuit was not motivated by an honest mistake as to his rights and duties under the agreement, but rather by his desire to circumvent his obligations of non-competition CT Page 10098 under the agreement. As a result of the plaintiffs breach of the implied covenant of good faith and fair dealing inherent in the agreement, the defendant has been damaged.
On March 27, 2000, Nemeth/Martin provided notice to Seifert of its intent to depose him on April 30, 2000, and it also requested that he produce an extensive list of documents. On March 31, 2000, Seifert filed a motion for a protective order to limit the scope of the deposition and the documents which must be produced. Nemeth/Martin has objected to the motion for a protective order.
"The granting or denial of a discovery request rests in the sound discretion of the court. . . . That discretion is limited, however, by the provisions of the rules pertaining to discovery; Practice Book [§§ 13-2 through 13-5]. . . ." (Citations omitted.) Standard TallowCorp. v. Jowdy, 190 Conn. 48, 57-58 (1983); see also Babcock v.Bridgeport Hospital, 251 Conn. 790, 820 (1999). "Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place . . . (6) that a deposition after being sealed be opened only by order of the judicial authority; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. . . ." Section 13-5 of the Practice Book.
In the defendant's notice of deposition, Nemeth/Martin requested, pursuant to Practice Book § 13-27(g), that Seifert bring with him, inter alia, "[a]ny and all phone records for the deponent's personal and business telephone lines for the period from January 1, 1999 to the present . . . [a]ny and all documents that constitute, evidence, refer or relate to communications the deponent has had with any Client, Consultant, or Business Partner of Nemeth/Martin, as those terms are defined in Paragraph 5 of his Project Manager Employment Agreement, between February 4, 1999 and February 4, 2000 . . . [a]ny and all documents that constitute, evidence, refer, or relate to communications the deponent has had with any current or former employee of the defendant between February 4, 1999 and February 4, 2000 . . . [a]ny and all documents that constitute, evidence, refer or relate to communications the plaintiff has had on or through his Internet web site with any Client, Consultant, or Business Partner of Nemeth/Martin, as those terms are defined in Paragraph 5 of his Project manager Employment Agreement, between February 4, 1999 and February 4, 2000." CT Page 10099
Seifert seeks a protective order from the court arguing that the discovery requests regarding his compliance with the covenant not to compete are irrelevant to the issues raised in Nemeth/Martin's substitute counterclaim or Seifert's revised complaint, and further that Nemeth/Martin is attempting to embark on a fishing expedition to uncover confidential and proprietary information of Seifert. The grounds for Nemeth/Martin's counterclaim are breach of contract and breach of the implied covenant of good faith and fair dealing. In its discovery request, however, Nemeth/Martin seeks documents, and presumably testimony, regarding Seifert's compliance with the covenant not to compete found in the employment agreements.[1] As Seifert correctly notes, nowhere in the substitute counterclaim does Nemeth/Martin allege that Seifert violated the covenant not to compete; the counterclaim alleges only that Seifert filed the current action to circumvent his obligations of non-competition.
A subpoena [duces tecum] is an appropriate process for the production of documents that are relevant to the matter before the court. . . . It may not be used, however, for the purpose of conducting a fishing expedition into the papers of a party or a stranger to the proceedings." (Citations omitted.) Three S. Development Co. v. Santore, 193 Conn. 174,179 (1984). This court is convinced that the same reasoning applies to the production of documents during discovery. See Berger v. Cuomo,230 Conn. 1, 7 (1994) ("A [party] must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to [the] action.").
To reiterate, count one of the substitute counterclaim alleges that Seifert breached the employment agreements by bringing this lawsuit even though "the defendant has met all of its obligations under the terms of its employment agreement with the plaintiff." (Substitute Complaint, first count, ¶ 6.) Count two alleges that Seifert also breached the implied covenant of good faith and fair dealing by bringing this lawsuit. The counterclaim does not allege a violation of the covenant not to compete.
Nemeth/Martin argues that because Seifert alleges in count two of his revised complaint that Nemeth/Martin breached the employment agreements by failing to pay him in accordance with the terms of the agreements, he places his own performance under the contract in issue. The defendant cites Automobile Ins. Co. v. Model Family Laundries. Inc., 133 Conn. 433
(1947), for the proposition that one cannot recover upon a contract unless he has fully performed his own obligation under it, has tendered performance, or has some legal excuse for not performing. It further argues that the documents requested by the defendant are directly pertinent to whether the plaintiff honored the non-competition provisions CT Page 10100 of his written contract during the one year period after his termination.
This argument is hardly persuasive. While one cannot collect for breach of contract if one has not himself performed his obligations under it, clauses of a contract that are by their nature and purpose susceptible to division and apportionment are severable. See Venture Partners. Ltd. v.Synapse Technologies. Inc., 42 Conn. App. 109, 118 (1996). "In determining the severability of [a] contract, the court looks to whether the contract's parts and its consideration are common to each other or independent of one another. [Hartford-Connecticut Trust Co. v. Cambell,95 Conn. 399, 405 (1920)]; see also Timely Products, Inc. v. Costanzo,465 F. Sup. 91, 97 n. 6 (D. Conn. 1979) ("singleness or apportionability of the consideration rendered is a principal test in judging severability")." (Internal quotation marks omitted.) In consideration for Seifert to obtain new consulting contracts on their behalf, Nemeth/Martin was to pay him in accordance with a plan enumerated in one part of the employment agreements. If Seifert met his obligation to obtain customers for Nemeth/Martin, then Nemeth/Martin is obligated to pay him under one severable clause of the contract. Information related to the covenant not to compete is not necessary to resolve claims raised in this case.
Seifert has accurately characterized the notice of deposition as a fishing expedition. This court agrees with that characterization. The motion for protective order is, accordingly, granted as to information regarding Seifert's compliance with the covenant not to compete.
Moraghan, J.