PETER SKLADZIEN, ET UX.
*vs.*
MERIDEN NATIONAL BANK

Superior Court  New Haven County  File No. 57091

MEMORANDUM FILED SEPTEMBER 21, 1939.

*David H. Jacobs,* of Meriden, for the Plaintiffs.

*Francis R. Danaher,* of Meriden, for the Defendant.

MUNGER, J. The plaintiffs sue for breach of a covenant against incumbrances contained in the usual warranty deed, which deed was given by the defendant to the plaintiffs. The answer contains a general denial and four special defenses.

I think the plaintiffs are correct in saying that the defenses to the action are not sufficient. The question does indeed seem to be well settled in our own state and the plaintiffs are correct when they say the case of *Hubbard vs. Norton,* 10 Conn. 422, holds that knowledge or notice on the part of a vendee does not preclude an action for the breach of a covenant against incumbrances. Many authorities support this view. In *Demars vs. Koehler,* 62 N.J.L. 203, 208, the court held that in a case where the vendee had knowledge of an incumbrance he might nevertheless bring an action for breach of the covenant. The court said: "The general rule is that the right of action on the covenant against encumbrances arises upon the existence of the encumbrance, irrespective of any knowledge on the part of the grantee or of any eviction of him or of any actual injury it has occasioned him, so that if he has not paid or bought in the encumbrance he is entitled at least to nominal damages."

The cases cited upon the plaintiff's brief in fact sustain this position and there are many others to the same effect.

In so far as the second defense is concerned, it amounts only

to an allegation that the plaintiffs knew the condition of the title together with a statement of why they knew it, that is to say, their knowledge was derived from a search of title.

In so far as the third special defense is concerned it needs only to be said that an offer by the vendor to place the plaintiffs in *statu quo* could not of course deprive them of their right of action if notice was not a defense. They are under no obligation to submit to any such dictation on the part of the defendant.

Further, with respect to said defenses, it is to be noted that this is not an equitable action. The statute of limitations is not pleaded. No allegation of laches as made could defeat the action.

It leaves only to say further that it does indeed appear as far as the fourth defense is concerned that this is disposed of adversely to the defendant by *Hubbard vs. Norton, supra.*

The demurrer to the answer must be sustained.