[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Laura Ann Curley, moves to strike the special defense interposed by the cross-complaint defendants, John McClellan, Jr., Anthony McClellan, and Faith LaBaron, to her cross-complaint. CT Page 5119-I
Curley's cross-complaint alleges that the cross-defendants conveyed a parcel of land to Curley by warranty deed containing the usual covenants; that the plaintiff, Donald Hare, has sued Curley claiming that he has a right of first refusal which was violated by the conveyance to Curley; that if the plaintiff prevails against Curley, this right of first refusal constitutes a breach of the covenants under the warranty deed entitling Curley to damages from the cross-defendants.
As a special defense to the cross-complaint, the cross-defendants allege that Curley was fully aware of Hare's claim at the time of the conveyance to her by the cross-defendants. The cross-defendants contend that this previous knowledge limits Curley's recovery to nominal damages. Curley moves to strike this special defense from the cross-defendants answer to her cross-complaint.
Our Supreme Court long ago settled the question of whether a grantee's knowledge of a purported title defect or encumbrance is a defense to an action based on breach of warranty deed CT Page 5119-J covenants. In Hubbard v. Norton, 10 Conn. 422, 432 (1835), the Court held that knowledge of the encumbrance by the grantee at the time of purchase is immaterial. This holding was followed inSkladzien v. Meriden National Bank, 7 Conn. Sup. 330 (1939).
The cross-defendants attempt to avoid the holding in Hubbardv. Norton, supra, by pointing out that their special defense pertains to damages only and not liability. They argue that Curley's cognizance of Hare's claim to a right of first refusal limits Curley to nominal damages. The court disagrees.
Assuming the allegations of the special defense to be true, the plaintiff seeks a reconveyance of the property sold to Curley to him. Should Hare prevail and oust Curley from ownership of the land, the measure of damages recoverable by Curley against the cross-defendants for breach of covenant, is the value of the land at the time of ouster plus the costs of litigation for defending against the ouster. Butler v. Barnes, 60 Conn. 399, 404 (1892). Adopting the cross-defendants' reasoning and restricting the grantee to nominal damages would ignore the proper measure of damages as set forth in Butler v. Barnes, supra, and eviscerate CT Page 5119-K the holding in Hubbard v. Norton, supra, that the grantee's previous knowledge of the defect is immaterial.
The cross-defendants' theory of estoppel regarding damages is precisely the same argument which was rejected by the Court inHubbard v. Norton, supra. In that case the Court noted that, at first blush, it appears surprising that someone would purchase property knowing that a third party may have a claim to it, but it is more surprising that someone would convey such property with warranty covenants. Id., 432. Furthermore, "[w]hen it is recollected that this is the deed of the grantor, and these his covenants, it seems more correct to say that he must abide by them, than to permit him to unnerve or destroy them by proof of [previous knowledge], which is only calculated to induce a belief that the party grantor could not have intended what he actually covenanted for." Id. Here, the cross-defendants expressly covenanted to reimburse Curley for the sort of loss occasioned by Hare's claim. The cross-defendants cannot escape their covenant obligations by way of nominal damages.
For these reasons, the motion to strike the special defense to the cross-complaint is granted. CT Page 5119-L
Sferrazza, J.